■ SHEILAH BAILER et al., Respondents, v NORMA PEREZ-VERIDIANO et al., Respondents, and GUTTMAN BREAST DIAGNOSTIC INSTITUTE, INC., Appellant. [698 NYS2d 288] —In an action, *inter alia,* to recover damages for medical malpractice, the defendant Guttman Breast Diagnostic Institute, Inc., appeals from a judgment of the Supreme Court, Kings County (Levine, J.), dated June 24, 1998, which, upon a jury verdict finding it 100% at fault for the plaintiffs' injuries, and finding that the plaintiffs suffered total damages in the amount of $1,325,000, and upon an order of the same court, dated April 3, 1998, granting the motion of the defendant Guttman Breast Diagnostic Institute, Inc., to the extent of reducing the verdict by $500,000 previously paid pursuant to a settlement agreement between the plaintiffs and the defendant Selig Strax, is in favor of the plaintiffs and against it in the principal sum of $825,000.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In this medical malpractice action, the plaintiffs sued, among others, the appellant Guttman Breast Diagnostic Institute, Inc., for the actions of several of its employees, including the defendant Dr. Selig Strax. The appellant brought a cross claim for indemnification or contribution against Dr. Strax. At the conclusion of the trial, after Dr. Strax had settled with the

plaintiffs for $500,000, the appellant requested that an inter- rogatory be given to the jury apportioning fault between it, Dr. Strax, and a third codefendant unrelated to the appellant and Dr. Strax. The court denied the application, on the ground that Dr. Strax was, as a matter of law, an employee of the appellant.

After a verdict was rendered in the plaintiffs' favor against the appellant, the appellant did not seek judgment against Dr. Strax for indemnification. Rather, in a motion brought against the plaintiffs only, it moved to set aside the verdict in the plaintiffs' favor. The appellant contended that it was entitled to a setoff against the verdict pursuant to General Obligations Law § 15-108 (a) for the amount of Dr. Strax's "equitable share" of the damages, which the appellant claimed was greater than the $500,000 actually paid by Dr. Strax. However, the setoff pursuant to General Obligations Law § 15-108 (a) is applicable to contribution between joint tortfeasors pursuant to CPLR article 14, not indemnification of those vicariously liable for the acts of others (*see, Riviello v Waldron,* 47 NY2d 297, 305-306). The appellant is, in effect, seeking contribution from Dr. Strax. Such relief is unavailable, since Dr. Strax was its own em- ployee (*see, Riviello v Waldron, supra*).

The appellant's remaining contentions are without merit. Joy, J. P., Goldstein, McGinity and Feuerstein, JJ., concur.