■ Ruth Hood et al., Respondents, v Avis Rent A Car System, Inc., et al., Appellants, et al., Defendants. [893 NYS2d 239]—

In August 2005, the plaintiffs Ruth Hood and Robert L. May commenced this action to recover damages for injuries they sustained when an automobile operated by the defendant Mary Lewis, in which they were passengers, was involved in a single-car accident in Pennsylvania. The vehicle was registered in Massachusetts and owned by the appellant PV Holding Corp., a Delaware corporation with a business address in Boston, Massachusetts. Lewis had rented the vehicle in New York from the appellant Avis Rent A Car System, Inc., Avis Rent A Car System, LLC, Avis, Inc. (hereinafter Avis), a Delaware corporation with its principal place of business in New York.

The appellants moved for summary judgment dismissing the complaint insofar as asserted against them, inter alia, on the ground that this dispute was governed by the law of Pennsylva-

nia, which followed the common-law rule that, absent an employer-employee relationship, an automobile's owner is not vicariously liable for the negligence of its driver (*see Budget Rent-A-Car Sys., Inc. v Chappell*, 407 F3d 166, 171 [2005], *cert denied* 546 US 978 [2005]). The Supreme Court denied the appellants' motion and granted the plaintiffs' cross motion for summary judgment on the issue of liability. Following a trial on the issue of damages, the jury returned a verdict in favor of the plaintiff Ruth Hood and against the appellants in the principal sum of $2,550,000 ($1,000,000 for past pain and suffering, $1,500,000 for future pain and suffering, and $50,000 for lost earnings). The court subsequently denied the appellants' motion, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict as excessive.

"New York law makes vehicle lessors, their assignees, and their agents vicariously liable as 'owners' under the Vehicle and Traffic Law in an action, such as the one here, which was commenced prior to the effective date of the Graves Amendment (49 USC § 30106), which bars actions to recover damages against certain lessors of vehicles that are predicated upon the negligence of their lessees, and preempts all state laws that purport to authorize such actions" (*Zegarowicz v Ripatti*, 67 AD3d 672, 674 [2009]).

Here, the appellants failed to establish their prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The record demonstrates that one of the plaintiffs and the defendant driver were New York domiciliaries, the subject vehicle was rented in New York, and Avis had its principal place of business in New York. Under the circumstances, the Supreme Court properly applied the law of New York to this controversy (*see King v Car Rentals, Inc.*, 29 AD3d 205 [2006]). Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

However, considering the nature and the extent of the injuries sustained by the plaintiff Ruth Hood, the awards of damages for past and future pain and suffering deviate materially from what would be reasonable compensation to the extent indicated (*see* CPLR 5501 [c]).

The appellants' remaining contention is without merit (*see Bailer v Perez-Veridiano*, 266 AD2d 249 [1999]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.