■ JOSEPHINE DE STEFANO, Respondent, v. LUIS GONZALEZ, Appellant, et al., Defendant.— Judgment, Supreme Court, New York County, entered March 26, 1971, affirmed without costs and without disbursements. Contrary to the dissent, our determination is an affirmation of rule 660.11 of the rules of this court (22 NYCRR 660.11), because it is applied according to its intent. Involved here is a judgment for $12,212.50 after a jury trial. In compliance with the rule, an early medical report by the treating physician was furnished by the plaintiff to the attorneys for the defendant. The bill of particulars made it clear that " Plaintiff claims that the injuries to her cervical and lumbo sacral spine are permanent in nature." As is the usual practice, the treating physician examined the plaintiff shortly before the trial some five years later. (See Personal Injury Trial Practice, by Joseph Kelner, N. Y. L. J., Nov. 26, 1971, p. 1, col. 1, on The Preparation and Presentation of Plaintiff's Medical Witness.) The defendant's trial attorney took the technical position that unless a recent report was furnished to him, even though it might tell nothing new, there could be no testimony by the physician as to permanency. However, no recent written report had been given by the physician, and defendant did not

claim surprise or ask for a continuance to meet the situation, relying simply on a technical position. It is here that the provision of the rule comes into play allowing "the justice presiding at the trial in the interests of justice" to hold otherwise. The determination under the facts here was in the sound discretion of the Trial Judge. Concur — Nunez, J. P., Kupferman, Tilzer and Eager, JJ.; McNally, J., dissents in the following memorandum: I dissent and vote to reverse and order a new trial. The holding of the majority sounds the death knell of and nullifies rule 660.11 of the rules of this court which reads in part as follows: "In all actions in which recovery is sought for personal injuries * * * examinations and the exchange of medical information shall be governed by the provisions hereinafter set forth: * * * (h) Unless an order to the contrary is made or unless the justice presiding at the trial in the interests of justice and upon a showing of good cause shall hold otherwise, the party seeking to recover damages shall be precluded at the trial from offering in evidence any part of the hospital records, and all other records * * * not made available pursuant to this rule, *and no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any physician whose medical reports have not been served as provided by this rule.*" (Italics supplied.) The rule is clear. The majority holds there has been a substantial compliance with the rule. The short answer to that holding is the rule is absolute and does not provide for substantial compliance, and further the record shows the contrary. Dr. Racenelli was the plaintiff's treating physician. He testified in accordance with a medical report dated July 11, 1965, a copy of which had been furnished to the attorneys for the defendant. The same Dr. Racenelli more than five years later and two weeks before the trial examined the plaintiff. No report thereof was furnished to the defendant. Defendant's attorney specifically objected to the testimony on the ground that he had not received any report of the last described medical examination and cited rule 660.11 and our case of *Jokelson* v. *Allied Stores Corp.* (31 A D 2d 200). The transcript on this point shows the following: "Q. Doctor, pursuant to my instructions, did you make an examination of this patient within the last two weeks? MR. KOLBA: I will object to this whole line of questions pursuant to Rule 660.11 (h) of the New York Court Rules. I would like to cite Jokelson v. Allied Stores Corporation, 31 A D 2d, which held — we have not gotten any notice or report from this doctor except the examination that he has just testified to. Any testimony about any examination which he conducted two weeks ago is, therefore, inadmissible. MR. WALDMAN: May I be heard on that, Your Honor? THE COURT: You may. MR. WALDMAN: For of all, the rule says if we got a report, we have to give it to him. If he gave us a report, then he would be entitled to it. The second point is, the rule sets forth that if any of the injuries are different, then he is entitled to such report. We have not ascertained that. The third thing is that in our bill of particulars we allege that the injuries were permanent, and the only manner we can prove permanency is if the doctor conducted a recent examination and found the symptoms. MR. KOLBA: And the report of that examination is made available to the other side. THE COURT: Overruled. You may answer the question." Plaintiff concedes that Dr. Racenelli's testimony as to permanency went beyond the report of July 28, 1965. It is argued that the 1965 report of Dr. Racenelli indicated that it was impossible to make a finding of permanency at that time and that the permanency was alleged in the bill of particulars. There is no merit to this argument. The purpose of the rule in question is to apprise an adversary of the medical evidence which the party furnishing the report intends to introduce. A bill of particulars does not constitute compliance with the rule. The rule requires service on the

adversary of medical reports of the "injuries and conditions to be medically established by the person seeking to recover damages". In this case, despite an interval of five years after the initial medical report, defendant was first apprised of the medical claim of permanency at the trial notwithstanding the fact that plaintiff had the information two weeks before trial. There is a total failure of a showing of good cause. Moreover, the holding is contrary to, rather than in the interest of, justice, for it invites and encourages dilatory medical claims without affording a defendant a fair and reasonable opportunity to meet them. The objects of rule 660.11 were set out by this court in *Padilla* v. *Damascus* (16 A D 2d 71, 73): "Various ends are served when the boundaries of the respective medical claims are delineated and revealed. Issues are narrowed, surprise avoided, pretrial dispositions by settlement or otherwise aided, the burdens of preparation lightened and the number of medical witnesses reduced." Medical exchange procedures have existed sufficiently long to establish their intended purpose, and should be applied uniformly and predictably. The plaintiff has established no basis for ignoring the mandate of the medical exchange rule. To sustain the plaintiff's position effectively emasculates the rule and defeats the right of our courts to require all counsel, whether they be plaintiff's or defendant's, to abide by the rules as they have been set down. The holding of the majority is a license to each and every litigant to interpret the rule as he sees fit, despite its clear and unambiguous content. The holding by the majority renders rule 660.11 nugatory and for all practical purposes useless.