■ CATHERINE OVEREEM, Appellant, v SOL D. NEUHOFF, Respondent. [679 NYS2d 74] —In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Garry, J.), entered May 19, 1997, as, upon the granting of the defendant's motion to dismiss the causes of action to recover damages for injuries which were surgically repaired in 1990, 1994, and 1995, and upon a jury verdict in favor of the plaintiff and against the defendant in the principal sum of $250,000, representing damages for past pain and suffering for certain injuries which were sustained and repaired on June 15, 1988, declined, *inter alia,* to award her damages for pain and suffering for the injuries which were surgically repaired in 1990, 1994, and 1995.

Ordered that the judgment is modified, on the law, by adding thereto a provision severing the causes of action seeking to recover damages for pain and suffering for the injuries which were surgically repaired in 1990, 1994, and 1995, and granting a new trial with respect thereto; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for a new trial on those causes of action, with costs to abide the event.

On June 15, 1988, the plaintiff underwent a dilation and curettage procedure (hereinafter the D & C procedure) which was performed by the defendant, Dr. Sol D. Neuhoff. During the procedure the defendant perforated the plaintiff's uterus with the dilator and continued with the D & C procedure,

lacerating her bladder with the curette. After completion of the D & C procedure, the plaintiff was returned to the recovery room where she began to complain of pain in her rectum and back, at which time the defendant was summoned. The defendant, suspecting a uterus perforation, decided to perform an exploratory laparotomy. A vertical surgical incision was made through the plaintiff's abdomen just left of her umbilicus. The bladder and uterine lacerations were closed and the small and large bowels were inspected and noted to be intact.

In April 1990, the plaintiff underwent a subsequent surgical procedure performed by Dr. Marvin Reingold to repair a midline hernia and a hernia in the right lower quadrant and to remove adhesions from the intestine. In November 1990, the plaintiff underwent a second subsequent surgical procedure performed by Dr. Reingold to correct an intestinal obstruction due to adhesions and an incisional hernia. In October 1994 and in July 1995, Dr. George Wantz performed the third and fourth subsequent surgical procedures to correct an umbilical hernia and a hernia in the right lower quadrant, respectively.

The plaintiff commenced this malpractice action alleging that the uterus and bladder perforations were caused by the defendant's negligence and sought damages for the exploratory laparotomy performed by the defendant and the four subsequent surgical procedures performed by Dr. Reingold and Dr. Wantz to repair the hernias and to remove the adhesions.

At trial the plaintiff submitted evidence, including the expert testimony of Dr. Reingold, that the adhesions of April 1990 and the adhesions of November 1990 were caused by the bladder perforation and the exploratory laparotomy of June 1988. The plaintiff also sought to introduce the expert testimonies of Dr. Reingold and Dr. Wantz that the hernias which were repaired in 1990, 1994, and 1995 were caused by the bladder perforation and the exploratory laparotomy of June 1988. The court declined to submit to the jury the issue of whether the subsequent hernias and adhesions were caused by the defendant's negligence on the ground that the plaintiff had failed to offer sufficient proof of a prima facie case.

The plaintiff offered the expert opinion of her subsequent treating physician, Dr. Reingold, that the adhesions which he repaired in April and November of 1990 were caused by the bladder perforation and exploratory laparotomy. This opinion was supported by facts which were either established or fairly inferable from the evidence (*see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723; *Naveja v Hillcrest Gen. Hosp.,* 148 AD2d 429, 430; *Stringile v Rothman,* 142 AD2d 637). Therefore, the

court should have submitted the issue of causation with respect to the adhesions which were repaired in 1990 to the jury.

Furthermore, the Supreme Court erred in precluding Dr. Reingold from testifying as to the cause of the incisional hernia which he repaired in April 1990. Although the plaintiff suffered numerous incisional hernias, the plaintiff could recover damages for any incisional hernia directly resulting from the incision created by the defendant (*see, Wyatt v State of New York,* 227 AD2d 283; *Lugenbuhl v Dowling,* 701 So 2d 447 [La]; *Guilbeau v St. Paul Fire & Mar. Ins. Co.,* 325 So 2d 395 [La]; *Motors Ins. Corp. v Howell,* 266 So 2d 240 [La]; *Robertson v LaCroix,* 534 P2d 17 [Okla]). There was evidence to support the conclusion that the incisional hernia which was repaired in April 1990 occurred at the abdominal incision created by the defendant on June 15, 1988.

The Supreme Court also erred in precluding Dr. Wantz from offering expert testimony that the cause of the injuries which were repaired in 1994 and 1995 was the abdominal incision performed by the defendant on June 15, 1988. The court precluded that testimony because the plaintiff failed to identify Dr. Wantz as an expert as required by CPLR 3101 (d) (1) (i) although the plaintiff had exchanged Dr. Wantz's medical reports pursuant to 22 NYCRR 202.17. Because Dr. Wantz was the plaintiff's treating physician, rather than an expert retained to give opinion testimony at trial, CPLR 3101 (d) (1) (i) does not bar the admission of his expert testimony (*see, Stark v Semeran,* 244 AD2d 894; *Rook v 60 Key Centre,* 239 AD2d 926; *Schwartz v Tab Operating Co.,* 239 AD2d 244; *Wylie v Consolidated Rail Corp.,* 229 AD2d 966; *Nesselbush v Lockport Energy Assocs.,* 169 Misc 2d 742). Moreover, Dr. Wantz could testify to the cause of the injuries even though he had expressed no opinion regarding causation in the previously-exchanged reports (*see, McLamb v Metropolitan Suburban Bus Auth.,* 139 AD2d 572; *Holshek v Stokes,* 122 AD2d 777; *Pierson v Yourish,* 122 AD2d 202; *De Stefano v Gonzalez,* 38 AD2d 532).

The plaintiff was prejudiced by the aforementioned errors since she was prevented from presenting evidence as to the cause of these subsequently-occurring injuries.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.