■ ALAN KRINSKY et al., Respondents, v ALAN R. RACHLEFF, Appellant. [715 NYS2d 712] —In an action to recover damages for

medical malpractice, etc., the defendant appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered August 18, 1999, which, upon a jury verdict, is in favor of the plaintiff Alan Krinsky and against him in the principal sum of $656,321, and in favor of the plaintiff Abby Krinsky and against him in the principal sum of $80,000.

Ordered that the judgment is reversed, on the law and as a matter of discretion, and the matter is remitted to the Supreme Court, Nassau County, for a new trial, with costs to abide the event.

The plaintiff Alan Krinsky underwent wrist surgery under general anesthesia administered by the defendant Dr. Alan Rachleff. A few days later, Krinsky experienced symptoms associated with pulmonary infection and pneumonia. A bronchoscopy revealed an abnormality or foreign object embedded in his lung. The object was partially removed during the bronchoscopy and what remained was removed by surgery, along with a portion of his lung. This action ensued. A jury rendered a verdict in favor of the plaintiffs.

Initially, we find that the plaintiffs established a prima facie case of medical malpractice warranting submission of the case to the jury (see, Hughes v New York Hosp.-Cornell Med. Ctr., 195 AD2d 442). However, we reverse on other grounds and grant a new trial.

At the trial, the plaintiffs presented testimony of two experts, a pathologist and a pulmonologist, both of whom rendered an opinion that the object removed from Alan Krinsky's lung was a piece of the endotracheal tube inserted into the plaintiff's trachea by the appellant during Krinsky's wrist surgery. The pathology expert, Dr. Lone Thanning, testified that she compared the pathology slides of the matter taken from Krinsky's lung with slides she had prepared from scrapings from an endotracheal tube, and found the "crystals" in each to be identical and "non-polarizing".

The appellant intended to call two pathologists, one of whom was originally retained by a codefendant against whom the complaint had been dismissed just prior to trial. Upon the plaintiffs' objection, the court ruled that the defendant would have to choose between the two experts because the testimony would be cumulative. Counsel proceeded with the first expert who was already on the stand. That expert had not examined and did not testify regarding the endotracheal tube pathology slides. The defendant made an application to call Dr. Leslie Lukash to testify only that he had prepared a set of endotracheal tube pathology slides and found them to be polarizing,

unlike the slides of the specimen removed from Krinsky's lung. The trial court denied the application. Under the circumstances of this case, the court should have permitted the expert to testify for this limited purpose (*see, Shafran v St. Vincent's Hosp. & Med. Ctr.,* 264 AD2d 553; *Abbott v New Rochelle Hosp. Med. Ctr.,* 141 AD2d 589).

The trial court also precluded the Krinsky's pulmonologist, Dr. Paul Hamlin, a defense witness, from testifying whether the abnormality or foreign matter he observed in Krinsky's lung during the bronchoscopy was a piece of the endotracheal tube. This was error. In addition to testifying to his or her own observations, a treating physician may give expert opinion testimony (*see, Perrone v Grover,* 272 AD2d 312) and may do so without prior notice pursuant to CPLR 3101 (d) (*see, Casey v Tan,* 255 AD2d 900; *Overeem v Neuhoff,* 254 AD2d 398).

The defendant's contention that Dr. Thanning's testimony exceeded the scope of the plaintiffs' expert disclosure notice is academic since Dr. Lukash may testify at the new trial and can contradict Dr. Thanning's findings.

In light of our determination, we do not reach the defendant's remaining contentions. Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.