■ EDWARD ZAWACKI, Respondent, v COUNTY OF NASSAU, Appellant. [750 NYS2d 647] —In an action, inter alia, to recover damages for wrongful death, the defendant appeals from a judgment of the Supreme Court, Nassau County (O'Connell, J.) entered September 24, 2001, which, upon a jury verdict, is in favor of the plaintiff Edward Zawacki, Sr., and against it in the principal sum of $20,000, and in favor of Edward Zawacki, Jr., and Marissa Zawacki and against it in the principal sums of $310,000 each.

Ordered that the judgment is affirmed, with costs.

On January 14, 1995, the plaintiff's decedent, a 38-year-old wife and mother of two young children, was killed after the car that she was operating skidded off Quaker Meeting House Road in Farmingdale and struck a tree. The evidence presented at trial was sufficient to support the jury's conclusion that the studies, investigations, or inquiries undertaken by the defendant, County of Nassau, between 1986 and the date of the accident were "plainly inadequate" so as to defeat the qualified immunity from tort liability normally enjoyed by the County for highway design decisions (*see Friedman v State of New York,* 67 NY2d 271, 284; *see Weiss v Fote,* 7 NY2d 579; *Affleck v Buckley,* 96 NY2d 553; *Ernest v Red Cr. Cent. School Dist.,* 93 NY2d 664; *Alexander v Eldred,* 63 NY2d 460; *Furino v County of Nassau,* 299 AD2d 520 [decided herewith]).

The jury awarded the sum of $1,500,000 to each of the decedent's two children, Edward Zawacki, Jr., and Marissa Zawacki, to compensate them for their future pecuniary loss. In the final judgment, these amounts were reduced to $300,000 to account for the jury's finding that the decedent, due to her own comparative negligence, was 80% at fault in the happening of the accident. The defendant argues that these monetary awards are excessive. We disagree.

Based on the parties' stipulation that the decedent would have supported each child until that child reached the age of

21, the verdict sheet was formulated in such a way as to inform the jury that the sum awarded to Edward, Jr., the younger child, as compensation for his future pecuniary loss, was meant to compensate him for a period of eight years following the verdict, and that the sum awarded to Marissa, the older child, as compensation for her future pecuniary loss, was meant to compensate her for a period of six years following the verdict. The defendant argues that the aggregate sum of $3,000,000 awarded to the two children for their combined future pecuniary loss over the course of, respectively, the six-year period and the eight-year period following the verdict was based on projections made by the plaintiff's expert economist. The expert testified that the decedent, who was a chiropractor, would have earned a total of approximately $3,000,000 between the date of the verdict and the hypothetical future date falling approximately 23 years thereafter, when she presumably would have retired. Consequently, the defendant argues that the jury awards to the two children should be reduced by a factor of six twenty-thirds in the case of the older child, and by a factor of eight twenty-thirds in the case of the younger child, to correct this error.

The defendant's argument derives solely from the circumstance that the parties acquiesced in the use of a verdict sheet that was incomplete and misleading. The trial court's charge, in contrast to the verdict sheet, advised the jury that one component of the decedent's "economic value" was the value of "the intellectual, moral and physical training, guidance and assistance that [she] would have given to the children had she lived." The verdict sheet did not include a separate line for this item of damages, and it is possible that the awards to the children include some amounts attributable to the children's loss of maternal guidance, rather than to their loss of income that the decedent would have earned in her profession, which was the focus of the testimony given by the plaintiff's expert. Considering the awards in this light, we find that they were not excessive (*see e.g. Bryant v New York City Health & Hosps. Corp.,* 250 AD2d 797 [award of $850,000 for loss of future parental guidance; award of $303,333 for loss of future earnings]; *Klos v New York City Tr. Auth.,* 240 AD2d 635 [award of $1,354,000 for loss of future earnings; award of $250,000 per child for past and future loss of parental guidance]; *see also Facilla v New York City Health & Hosps. Corp.,* 221 AD2d 498; *cf. Altmajer v Morley,* 274 AD2d 364).

The defendant's remaining contention is without merit. Prudenti, P.J., Altman, Friedmann and Rivera, JJ., concur.