■ Minita Finger, Respondent, v Jeffrey Brande, M.D., et al., Appellants, et al., Defendant. [762 NYS2d 50] —Order, Supreme Court, New York County (Penny Wolfgang, J.), entered April 3, 2002, which, in a medical malpractice action, inter alia, granted defendants' motion to set aside the verdict only to the extent of directing a new trial on the issue of the damages sustained by plaintiff as a result of defendants having left a clamp in her chest, unless plaintiff stipulated to a reduction of that portion of the verdict from $400,000 to $225,000, unanimously affirmed, with costs.

The jury's findings that defendants' malpractice in a postmastectomy bilateral breast reconstruction caused numerous postoperative complications during a 33-day hospitalization, and the need for further breast reconstruction surgery, abdominal hernia repair and removal of a retained surgical clamp are supported by sufficient evidence and are not against the weight of the evidence (*see Nicastro v Park*, 113 AD2d 129 [1985]). The testimony of plaintiff's subsequent treating physician did not advance a new theory of liability, and his observations as to the surgical field were not expert opinion requiring notice pursuant to CPLR 3101 (d) (1) (i). In addition, since he was plaintiff's treating physician, rather than an expert retained to give opinion testimony at trial, he could testify as to the cause of the injuries even though he expressed no opinion as to causation in the previously exchanged report (*see Overeem v Neuhoff*, 254 AD2d 398, 400 [1998]; *Krinsky v Rachleff*, 276 AD2d 748, 750 [2000]). We have considered and rejected defendants' other arguments. Concur—Andrias, J.P., Saxe, Sullivan and Ellerin, JJ.