■ Sherie Butler, Respondent, v Thomas Grimes et al., Defendants, and Laura Merrolo et al., Appellants. [833 NYS2d 398]—

In an action to recover damages for personal injuries, the defendants Laura Merrolo and Penske Truck Leasing Co., LP, appeal from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered May 22, 2006, which, upon, inter alia, a jury verdict on the issue of damages awarding the plaintiff the principal sums of $1,470,000 for past pain and suffering, $2,500,000 for future pain and suffering, $100,000 for future medical expenses, $47,560 for past lost earnings, and $800,000 for future lost earnings, is in favor of the plaintiff and against them.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, by deleting the provisions thereof awarding damages for past pain and suffering, future pain and suffering, and future lost earnings; as so modified, the judgment is affirmed, with costs to the appellants, and a new trial is granted as to damages for past pain and suffering, future pain and suffering, and future lost earnings, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the awards of damages for past pain and suffering from the sum of $1,470,000 to the sum of $1,000,000, for future pain and suffering from the sum of $2,500,000 to the sum of $1,600,000, and for future lost earnings from the sum of $800,000 to the sum of $600,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed, without costs or disbursements.

Contrary to the appellants' contention, the trial court properly permitted the plaintiff's treating physician to testify regarding future surgery, notwithstanding a lack of prior notice pursuant to CPLR 3101 (d) (see Hunt v Ryzman, 292 AD2d 345 [2002]; Overeem v Neuhoff, 254 AD2d 398 [1998]). Furthermore, it was not "speculative" for the jury to award damages for the cost of future surgery (Maharam v Maharam, 235 AD2d 226, 226 [1997]; see Korn v Levick, 231 AD2d 606, 607 [1996]).

The award of damages for past and future pain and suffering and future lost earnings deviated materially from what would be reasonable compensation to the extent indicated (see CPLR 5501 [c]). Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.