TONYA LOGAN, Plaintiff, and BRYAN CAMBRIDGE, Appellant, v JEANNETTE ROMAN et al., Respondents. [872 NYS2d 491]—

In an action to recover damages for personal injuries, the plaintiff Bryan Cambridge appeals from a judgment of the Supreme Court, Westchester County (Liebowitz, J.), entered July 10, 2007, which, upon granting the defendants' motion to preclude the videotaped testimony of his treating physician and, upon preclusion, to dismiss the complaint insofar as asserted by him, is in favor of the defendant and against him dismissing the complaint insofar as asserted by him.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the complaint insofar as asserted by the plaintiff Bryan Cambridge is reinstated, the defendants' motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for a trial, with costs to abide the event.

Under the circumstances, the Supreme Court improvidently exercised its discretion in precluding the plaintiff Bryan Cambridge (hereinafter the plaintiff) from offering videotaped trial testimony of his treating physician, Dr. William Walsh, concerning his pre-existing right hip arthritis and its aggravation, which allegedly was caused by a motor vehicle accident on May 9, 2002. Since Dr. Walsh was the plaintiff's treating physician, he should have been permitted to testify at trial notwithstanding any failure or deficiency in providing disclosure pursuant to CPLR 3101 (d) (1) (i), as that provision does not apply to treating physicians (see Butler v Grimes, 40 AD3d 569, 570 [2007]; Hunt v Ryzman, 292 AD2d 345 [2002]). Dr. Walsh could testify to the cause of the injuries even if he had expressed no opinion regarding causation in his previously exchanged medical report (see Overeem v Neuhoff, 254 AD2d 398 [1998]).

In any event, the defendants were not surprised or prejudiced by the videotaped testimony of Dr. Walsh, which included an

opinion on causation which was not set forth in his previously exchanged medical report (*see* 22 NYCRR 202.17 [h]). The defendants' examining physician had issued a report more than two years before the trial which concluded that the plaintiff's right hip arthritis was pre-existing and was not "aggravated, accentuated, created, or rendered symptomatic" as a result of the motor vehicle accident. This report also contained an admission by the plaintiff that his right hip arthritis was pre-existing. Thus, the question of whether the plaintiff's pre-existing right hip arthritis was aggravated by the motor vehicle accident was clearly "put in issue in the respective medical reports previously exchanged" (22 NYCRR 202.17 [h]).

Moreover, the videotaped testimony of Dr. Walsh was recorded 11 weeks prior to the trial date. Thus, the defendants had ample opportunity to prepare their defense to address this claim at trial. In addition, we note that on cross-examination of Dr. Walsh, during the videotaped testimony, the defendants' counsel was well prepared to and did question Dr. Walsh at length about the discrepancy between his testimony on direct and the opinion expressed in his written narrative report (*see McLamb v Metropolitan Suburban Bus Auth.*, 139 AD2d 572, 573 [1988]).

Accordingly, the Supreme Court improvidently exercised its discretion in granting the defendants' motion to preclude the videotaped testimony of the plaintiff's treating physician and, upon preclusion, to dismiss the complaint insofar as asserted by the plaintiff, and the matter must be remitted to the Supreme Court, Westchester County, for a trial. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.