▆ JING XUE JIANG, Respondent, v DOLLAR RENT A CAR, INC., et al., Appellants. [938 NYS2d 90]—

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages in the principal sums of $3,000,000 for past pain and suffering and $3,000,000 for future pain and suffering over a period of 44 years; as so modified, the judgment is af-

firmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past and future pain and suffering, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $3,000,000 to the principal sum of $2,500,000, and for future pain and suffering from the principal sum of $3,000,000 over a period of 44 years to the principal sum of $2,500,000 over a period of 44 years, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The challenges made by the defendants Dollar Rent A Car, Inc., and Rental Car Finance Corp. to the jury charge and verdict sheet are unpreserved for appellate review. The defendants consented to the jury charge and verdict sheet as given to the jury (*see* CPLR 4110-b, 4017; *Ross v Mandeville*, 45 AD3d 755, 757 [2007]; *Kwa v Roberts*, 18 AD3d 444 [2005]; *Zawacki v County of Nassau*, 299 AD2d 542 [2002]; *see generally Hood v Avis Rent A Car Sys., Inc.*, 69 AD3d 797, 799 [2010]; *see also* Vehicle and Traffic Law §§ 388, 128).

Contrary to the defendants' contentions, the Supreme Court did not err in declining to strike the testimony of the plaintiff's treating physician, Dr. Jeffrey Klein (*see Logan v Roman*, 58 AD3d 810 [2009]; *Butler v Grimes*, 40 AD3d 569, 570 [2007]; *Krinsky v Rachleff*, 276 AD2d 748, 750 [2000]). A treating physician may give expert opinion testimony and may do so without prior notice pursuant to CPLR 3101 (d) (*see Hughes v Webb*, 40 AD3d 1035, 1037 [2007]; *Hammond v Welsh*, 29 AD3d 518, 519 [2006]; *Krinsky v Rachleff*, 276 AD2d at 750).

To the extent indicated herein, the damages awarded for past pain and suffering and future pain and suffering deviated materially from what would be reasonable compensation under the circumstances (*see* CPLR 5501 [c]; *Belt v Girgis*, 82 AD3d 1028, 1029 [2011]; *Mohamed v New York City Tr. Auth.*, 80 AD3d 677, 678 [2011]; *Stanisich v New York City Tr. Auth.*, 73 AD3d 737, 738 [2010]; *Firmes v Chase Manhattan Auto. Fin. Corp.*, 50 AD3d 18, 21 [2008]; *Kihl v Pfeffer*, 47 AD3d 154, 156 [2007]; *Flaherty v Fromberg*, 46 AD3d 743, 745 [2007]; *Machado v City of New York*, 304 AD2d 626, 626-627 [2003]). Florio, J.P., Belen, Roman and Sgroi, JJ., concur.