■ JASON KOWALSKY, Respondent-Appellant, v COUNTY OF SUFFOLK et al., Appellants-Respondents. [33 NYS3d 85]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), dated March 19, 2015, as denied those branches of their motion which were pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of damages and for judgment as a matter of law dismissing the complaint, or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence. The plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted those branches of the defendants' motion which were pursuant to CPLR 4404 (a) to set aside, as contrary to the weight of the evidence and as excessive, stated damages awards, to the extent of ordering a new trial as to those damages unless the plaintiff stipulated to a reduction of the principal sums of the damages for future pain and suffering from $850,000 to $200,000, for future lost earnings from $2,250,000 to $250,000, for future medical and health insurance benefits from $250,000 to $75,000, for past lost savings plan benefits from $17,000 to $5,000, for future lost savings plan benefits from $116,000 to $10,000, for future lost pension benefits from $980,000 to $200,000, and for future lost social security benefits from $50,000 to $10,000.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and those branches of the defendants' motion which were pursuant to CPLR 4404 (a) to set aside, as contrary to the weight of the evidence and as excessive, the damages awards for future pain and suffering, future lost earnings, future medical and health insurance benefits, past and future lost savings plan benefits, future lost pension benefits, and future lost social security benefits are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The relevant facts are set forth in a related appeal from the judgment entered in this case on November 19, 2014 (*see* *Kowalsky v County of Suffolk*, 139 AD3d 903 [2016] [decided herewith]), which is in favor of the plaintiff and against the defendants in the total sum of $5,837,591.36.

The defendants moved pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for judgment as a matter of law dismissing the complaint, or, in the alternative, to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence, or as excessive. In an order dated March 19, 2015, the Supreme Court granted those branches of the defendants' motion which were to set aside the jury verdict as contrary to the weight of the evidence and as excessive, and granted a new trial unless the plaintiff stipulated to a reduced award. The court reduced the damages awards for future pain and suffering from the principal sum of $850,000 to the principal sum of $200,000, future lost earnings from the principal sum of $2,250,000 to the principal sum of $250,000, future medical and health insurance benefits from the principal sum of $250,000 to the principal sum of $75,000, past lost savings plan benefits from the principal sum of $17,000 to the principal sum of $5,000, future lost savings plan benefits from the principal sum of $116,000 to the principal sum of $10,000, future lost pension benefits from the principal sum of $980,000 to the principal sum of $200,000, and future lost social security benefits from the principal sum of $50,000 to the principal sum of $10,000.

The defendants appeal, and the plaintiff cross-appeals.

The Supreme Court erred in reducing the damages for future pain and suffering. Considering the nature and extent of the injuries sustained by the plaintiff and comparable precedent, the jury's award for future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Halsey v New York City Tr. Auth.*, 114 AD3d 726 [2014]; *Kayes v Liberati*, 104 AD3d 739 [2013]; *cf. Cicola v County of Suffolk*, 120 AD3d 1379, 1380 [2014]; *Acton v Nalley*, 38 AD3d 973 [2007]).

The Supreme Court further erred in reducing the awards for economic damages. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588; *see Frenchman v Westchester Med. Ctr.*, 77 AD3d 618, 619 [2010]). The economist's assumption that the plaintiff could not return to any type of employment was supported by the testimony of

the plaintiffs' physicians that the side effects of his pain medication limited his employment possibilities. Although the defendants' vocational expert testified that there were jobs that the plaintiff could perform, this created an issue of fact for the jury to decide. Thus, "[t]he jury could reasonably have concluded, based on the expert testimony presented at trial, that the plaintiff was totally disabled and that, therefore, the projections of his earnings by his economist were properly based on an assumption that he was totally disabled" (*Janda v Michael Rienzi Trust*, 78 AD3d 899, 901 [2010]; *cf. Harris v City of New York*, 2 AD3d 782, 784 [2003]).

The defendants' argument that they were entitled to judgment as a matter of law dismissing all of the plaintiff's claims for economic damages is without merit.

We need not reach the defendants' remaining contentions, raised in points II, IV, VII, and VIII of their brief, in light of our determination in the related appeal from the judgment (*see Kowalsky v County of Suffolk*, 139 AD3d 903 [2016] [decided herewith]). Hall, J.P., Roman, LaSalle and Barros, JJ., concur.