■ JASON KOWALSKY, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [34 NYS3d 75]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Garguilo, J.), entered November 19, 2014, which, upon an order of the same court dated January 26, 2010, awarding the plaintiff summary judgment on the issue of liability, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against them in the total sum of $5,837,591.36.

Ordered that the judgment is affirmed, with costs.

On June 12, 2009, the plaintiff was injured when he was struck by a motor vehicle driven by the defendant Raymond Rancourt and owned by Rancourt's employers, the defendants County of Suffolk and Suffolk County Department of Parks, Recreation & Conservation. The defendants moved to preclude the plaintiff from presenting any evidence at the damages trial concerning surgery to his lumbar spine, on the ground that he was collaterally estopped from doing so. In support, they submitted the plaintiff's Workers' Compensation documents, including a request by Dr. Andrew Merola for authorization to perform a lumbar laminectomy and lumbar spinal fusion on the plaintiff. Merola stated that the surgery was medically necessary. The Workers' Compensation Board denied the request in reliance on the opinion of its examining physician, Mathew Chacko, who recommended that the plaintiff be evaluated by an independent spine surgeon or neurosurgeon before he render a determination as to whether the surgery was necessary.

In an order dated May 27, 2014, the Supreme Court denied the defendants' motion to preclude the testimony, finding that the doctrine of collateral estoppel did not apply. In an order dated January 26, 2011, the court granted the plaintiff's motion for summary judgment on the issue of liability.

At the trial on the issue of damages, the plaintiff adduced evidence that he underwent a laminectomy and spinal fusion surgery at L4-5. The plaintiff further adduced evidence that he required a pain management regimen involving opioid medications, methadone, and Flexeril, a muscle relaxer. Side effects of these medications included sedation, cognitive impairment, and difficulty handling power tools. The plaintiff's physicians

testified that he could not return to his job as a Verizon technician, and, considering the side effects of his pain medication, his employment possibilities would be extremely limited. The plaintiff's economist computed his economic damages under the assumption that he would not be able to return to any employment.

The defendants presented the testimony of a vocational expert who testified that there were jobs that the plaintiff could do with his disability, which would pay in the range of $30,000 to $40,000 per year. On cross-examination, the vocational expert stated that he took into account the fact that the medications may affect the plaintiff's cognition, wakefulness, and executive functioning.

The jury found that the accident was a substantial factor in causing the plaintiff's injuries, and that those injuries constituted a significant limitation of use of a body function or system. The jury awarded $200,000 for past pain and suffering and $850,000 for future pain and suffering for a period of 41 years. The jury also awarded a total of $4,038,000 in economic damages.

A judgment was entered accordingly on November 19, 2014. The defendants appeal.

The Supreme Court properly denied the defendants' motion to preclude the plaintiff from submitting evidence regarding the surgery to his lumbar spine, made on the ground that the determination of the Workers' Compensation Board had collateral estoppel effect. "The quasi-judicial determinations of administrative agencies are entitled to collateral estoppel effect where the issue a party seeks to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that tribunal" (*Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d 246, 255 [2013], citing *Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]). Here, the defendants failed to meet their burden of establishing identity of issue (*see Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d at 255; *see also Ridge v Gold*, 26 NY3d 1069 [2015]). The court further properly precluded the defendant from introducing the determination of the Workers' Compensation Board at trial (*see Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d at 254; *see generally Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2006]).

Contrary to the defendants' contention, the testimony of the plaintiff's economist was supported by the evidence, and the Supreme Court properly denied the defendants' application to

preclude him from testifying. "[O]pinion evidence must be based on facts in the record or personally known to the witness" (*Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725 [1984] [internal quotation marks omitted]; *see Cassano v Hagstrom*, 5 NY2d 643 [1959]). "The facts must be 'either established or fairly inferable from the evidence'" (*Hyung Kee Lee v New York Hosp. Queens*, 118 AD3d 750, 753 [2014], quoting *Naveja v Hillcrest Gen. Hosp.*, 148 AD2d 429, 430 [1989]). Here, the economist's assumption that the plaintiff could not return to any type of employment was supported by the testimony of the plaintiffs' physicians that the side effects of his pain medication limited his employment possibilities. Thus, "[t]he jury could reasonably have concluded, based on the expert testimony presented at trial, that the plaintiff was totally disabled and that, therefore, the projections of his earnings by his economist were properly based on an assumption that he was totally disabled" (*Janda v Michael Rienzi Trust*, 78 AD3d 899, 901 [2010]; *cf. Harris v City of New York*, 2 AD3d 782, 784 [2003]).

Contrary to the defendants' contention, the Supreme Court properly allowed the plaintiff's treating physicians to testify regarding causation, notwithstanding any failure to provide disclosure pursuant to 22 NYCRR 202.17. A plaintiff's treating physician should be permitted to testify at trial regarding causation notwithstanding any failure to provide disclosure (*see Logan v Roman*, 58 AD3d 810 [2009]). Indeed, a plaintiff's treating physician "could testify to the cause of the injuries even if he [or she] had expressed no opinion regarding causation in his [or her] previously exchanged medical report" (*id.* at 810; *see Butler v Grimes*, 40 AD3d 569, 570 [2007]). Moreover, regarding the exchange of medical information governed by 22 NYCRR 202.17, "[t]he rule requires that the medical reports 'include a recital of the injuries and conditions as to which testimony will be offered at the trial, . . . including a description of the injuries, a diagnosis and a prognosis.' There is no requirement that medical providers causally relate the injury to the defendant's negligence" (*Hamilton v Miller*, 23 NY3d 592, 602 [2014], quoting 22 NYCRR 202.17 [b] [1]).

The Supreme Court providently exercised is discretion in applying a nine percent interest rate to the judgment, since the defendants submitted no evidence that such a rate was unreasonable (*see* General Municipal Law § 3-a; *Denio v State of New York*, 7 NY3d 159, 168 [2006]).

The defendants' contention that the Supreme Court erred in denying their request for a jury charge regarding admissions against interest (*see* PJI 1:55) is without merit.

The defendants' remaining contentions are without merit. Hall, J.P., Roman, LaSalle and Barros, JJ., concur.