■ MICHAEL C. SCHMITT et al., Respondents, v ONEONTA CITY SCHOOL DISTRICT, Appellant. [55 NYS3d 834]—

Egan Jr., J. Appeal from an order of the Supreme Court (Coccoma, J.), entered September 19, 2016 in Otsego County, which granted plaintiffs' motion to determine that they complied with expert disclosure requirements.

Plaintiff Michael C. Schmitt and his spouse, derivatively, commenced this action seeking to recover for personal injuries allegedly sustained by Schmitt in December 2013 when he fell while walking through a parking lot operated, managed and/or controlled by defendant. Defendant answered and, in conjunction therewith, served a demand for expert witness disclosure. In response, plaintiffs provided defendant with multiple expert witness disclosures—each of which pertained to either the professional engineer or the economic expert that plaintiffs intended to call at trial. None of the subject disclosures made any mention of a medical expert.

In May 2016, plaintiffs filed a notice to take the deposition of Anthony Cicoria, Schmitt's treating physician. Upon inquiry by defendant, counsel for plaintiffs indicated that the purpose of the deposition was to preserve Cicoria's testimony for trial—a representation that was reinforced at the start of Cicoria's videotaped testimony in July 2016. During the course of the ensuing examination, plaintiffs attempted to offer Cicoria "as an expert in the field of orthopedic surgery." Defendant immediately objected, citing plaintiffs' failure to provide the required expert disclosure (see CPLR 3101 [d] [1] [i]). Plaintiffs' counsel took the position that no such disclosure was required, and the examination progressed over defendant's continuing objection.

Plaintiffs thereafter brought the instant motion seeking a determination that they had "effectively complied" with the

requirements of CPLR 3101 (d) (1) (i) relative to Cicoria or, in the alternative, that the expert witness disclosure attached to their motion papers was sufficient for that purpose. Defendant opposed the requested relief, citing plaintiffs' failure to comply with discovery demands and arguing that Cicoria's videotaped testimony was not a proper substitute for the notice required by CPLR 3101 (d) (1) (i) and this Court's decision in *Norton v Nguyen* (49 AD3d 927 [2008]). Supreme Court granted plaintiffs' motion, finding that a fair reading of Cicoria's testimony provided defendant with Cicoria's qualifications, as well as the facts and opinions upon which he could be expected to testify at trial. This appeal by defendant ensued.

CPLR 3101 (d) (1) (i) provides, in relevant part, that "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion." Unlike the First, Second and Fourth Departments, this Court interprets CPLR 3101 (d) (1) (i) as "requir-[ing] disclosure of any medical professional, even a treating physician or nurse, who is expected to give expert testimony" (*Norton v Nguyen*, 49 AD3d at 929; *compare Hamer v City of New York*, 106 AD3d 504, 509 [1st Dept 2013]; *Jing Xue Jiang v Dollar Rent a Car, Inc.*, 91 AD3d 603, 604 [2d Dept 2012]; *Andrew v Hurh*, 34 AD3d 1331, 1331 [4th Dept 2006], *lv denied* 8 NY3d 808 [2007]). "Although the demand is a continuing request, with no set time period for its compliance, where a party hires an expert in advance of trial and then fails to comply [with] or supplement an expert disclosure demand, preclusion may be appropriate if there is prejudice and a willful failure to disclose" (*Mead v Dr. Rajadhyax' Dental Group*, 34 AD3d 1139, 1140 [2006] [citations omitted]).

Here, it is undisputed that plaintiffs did not provide an expert witness disclosure for Cicoria and, hence, they failed to comply with the provisions of CPLR 3101 (d) (1) (i) in the first instance. Contrary to plaintiffs' assertion, the transcript of Cicoria's videotaped testimony cannot serve as a substitute for the required statutory notice. Simply put, the burden of providing expert witness disclosure and setting forth the particular details required by the statute lies with the party seeking to utilize the expert; it is not opposing counsel's responsibility to cull through examination before trial testimony or, in this case, the transcript of videotaped trial testimony to ferret out the

qualifications of the subject expert, the facts or opinions that will form the basis for his or her testimony at trial and/or the grounds upon which the resulting opinion will be based. The expert disclosure annexed to plaintiffs' motion papers, which merely incorporated by reference Cicoria's videotaped testimony, is similarly deficient. Accordingly, and for all of these reasons, Supreme Court should not have granted plaintiffs' motion to determine that they had effectively complied with the requirements of CPLR 3101 (d) (1) (i).

Having concluded that plaintiffs failed to provide the required expert disclosure, we turn our attention to the appropriate remedy for such noncompliance. Plaintiffs' counsel candidly conceded that he was unaware of this Court's interpretation of CPLR 3101 (d) (1) (i) and the corresponding need to file an expert disclosure for a treating physician, and the record is otherwise devoid of any indication that counsel's failure to file such disclosure was willful. Hence, we see no need to preclude plaintiffs from calling Cicoria to testify at trial. That said, defendant is correct in noting that the current procedural posture of this matter places defendant at something of a disadvantage in that defense counsel prepared for and cross-examined Cicoria as a fact witness and in the context of preserving such testimony for use at trial, which is appreciably different than deposing and cross-examining someone who has been denominated as an expert witness prior to trial. For that reason, simply permitting plaintiffs to file the required expert disclosure at this point will not suffice.

Plaintiffs need to decide whether they wish to utilize Cicoria as a fact witness or as an expert witness (or both). If plaintiffs wish to utilize Cicoria as a fact witness, they may either introduce his previously videotaped testimony at trial (*see* CPLR 3117 [a] [4])—subject to defendant's objections to the expert opinions expressed therein (*see* CPLR 3115 [a]) and/or a protective order relative thereto (*see* CPLR 3103 [a])—or they may call Cicoria to testify in person at trial, in which case Cicoria's prior recorded testimony may be used solely for impeachment purposes (*see* CPLR 3117 [a] [1]). Plaintiffs cannot, however, as they now propose in their brief, have it both ways, i.e., they cannot utilize Cicoria's recorded testimony as a fact witness and then call him live as an expert witness. Stated another way, Cicoria may testify only once. If plaintiffs desire to utilize Cicoria as an expert witness (or as both a fact witness and as an expert witness), they must—within 30 days of the date of this Court's decision—tender an expert disclosure that satisfies all of the requirements of CPLR 3101 (d) (1) (i)

and—within 60 days of the date of this Court's decision—produce Cicoria (at their expense) for the purpose of being deposed as an expert. To our analysis, this resolution strikes an appropriate balance between permitting plaintiffs to use Cicoria as they see fit, compelling plaintiffs' compliance with the specific requirements of CPLR 3101 (d) (1) (i) and affording defendant an opportunity to properly examine Cicoria as an expert and prepare for trial.

Devine and Clark, JJ., concur.

Lynch, J. (concurring). We respectfully concur. To begin, we fully agree with Supreme Court and the majority that the failure of plaintiffs' counsel to comply with CPLR 3101 (d) (1) (i) was not willful and that plaintiffs should not be precluded from having Anthony Cicoria render opinion testimony. We take a different approach, however, as to the appropriate remedy. There is no dispute that the video testimony of Cicoria was taken for purposes of trial—a format confirmed in advance by correspondence between counsel (*see* 22 NYCRR 202.15 [a]). Prior to initiating the questioning, plaintiffs' counsel reiterated that "this deposition is being taken for purposes of the preservation of testimony that will be utilized at the trial in this proceeding." The testimony of Cicoria proceeded, without restriction as to any objections (*see* CPLR 3113 [b], [c]; *compare* 22 NYCRR part 221), until the parties reached an impasse as to whether Cicoria was entitled to render opinion testimony. He did so, over defendant's objection. In effect, Cicoria has already fully testified on direct as to the treatment rendered to plaintiff Michael C. Schmitt for a left wrist fracture both before and after surgery, his diagnosis and prognosis as to Schmitt's injury, causation and permanency. The only claimed prejudice here is to defendant, which reasonably contends that it was deprived of an opportunity to fully prepare to cross-examine Cicoria concerning any opinion testimony.

In our view, plaintiffs should be bound by the format that they selected and not be accorded a second opportunity to call Cicoria as a witness at trial. That said, defendant's objections to Cicoria's opinion testimony based on CPLR 3101 (d) (1) (i) should be denied and plaintiffs allowed to present the direct video testimony of Cicoria. Any prejudice to defendant may be resolved by allowing defendant an opportunity to either cross-examine Cicoria anew or continue the cross-examination completed to date. To avoid any confusion at trial, any further testimony of Cicoria should be completed by video examination to be held at the same location, or at such other location as the parties may agree, at plaintiffs' expense. With this format, and

Cicoria having completed his direct testimony, there is no need for an expert witness disclosure statement outlining the subject matter and factual basis for Cicoria's testimony.

McCarthy, J.P., concurs. Ordered that the order is reversed, on the law, with costs, plaintiffs' motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.