Duman v Scharf (2020 NY Slip Op 04537)





Duman v Scharf


2020 NY Slip Op 04537


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-05078
2017-11995
 (Index No. 28863/09)

[*1]Orhan Duman, respondent,
v
Eric Joshua Scharf, et al., appellants. (Appeal No. 1.)
Orhan Duman, respondent,
v
Eric Joshua Scharf, et al., appellants, et al., defendant. (Appeal No. 2.)


Law Office of David S. Klausner PLLC, White Plains, NY (Stephen Slater of counsel), for appellants Eric Joshua Scharf and Marilyn Scharf.
Law Office of Yana Rubin, LLC, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, (1) the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated March 24, 2017, and (2) the defendants Eric Joshua Scharf and Marilyn Scharf appeal from a judgment of the same court entered July 18, 2017. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of damages as contrary to the weight of the evidence or in the interest of justice, and for a new trial on that issue. The judgment, insofar as appealed from, upon the granting of the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law against the defendants Eric Joshua Scharf and Marilyn Scharf, made at the close of the evidence on the issue of liability, upon the jury verdict on the issue of damages, and upon the order, is in favor of the plaintiff and against the defendants Eric Joshua Scharf and Marilyn Scharf in the principal sum of $2,000,000.
ORDERED that the appeal by the defendant Emile Scharf is dismissed as abandoned; and it is further,
ORDERED that the appeal by the defendants Eric Joshua Scharf and Marilyn Scharf from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages in the interest of justice and for a new trial on that issue is granted, the order is modified accordingly, and the matter remitted to the Supreme Court, Kings County, for a new trial on the issue of damages only; and it is further,
ORDERED that one bill of costs is awarded to the defendants Eric Joshua Scharf and Marilyn Scharf.
The appeal by the defendants Eric Joshua Scharf and Marilyn Scharf from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On January 15, 2009, the plaintiff allegedly was injured when the vehicle he was operating was struck in the rear by a vehicle operated by the defendant Eric Joshua Scharf and owned by the defendant Marilyn Scharf (hereinafter together the defendants). The plaintiff alleged that, as a result of the accident, he suffered, among other things, "cognitive deficits secondary to traumatic brain injury; . . . choreoathetoid movements secondary to CVA and aggravated by TBI." The plaintiff commenced this action to recover damages for the injuries he allegedly sustained in the accident, and the action proceeded to a bifurcated trial before a jury. The Supreme Court granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law against the defendants on the issue of liability, made at the close of the evidence in the liability phase of the bifurcated trial.
At the damages phase of the trial, the defendants called as a witness one of the plaintiff's treating physicians, who had examined the plaintiff following the accident and concluded in his medical report that "[t]he symptoms that [the plaintiff] is experiencing in the right-sided extremity are likely related to [his] previous stroke." However, the Supreme Court ruled that the treating physician would be precluded from testifying on the issue of causation based on the defendants' failure to provide the plaintiff with notice of such testimony in advance of trial pursuant to CPLR 3101(d). Counsel for the defendants provided the Supreme Court with precedent from this Court indicating that CPLR 3101(d) applied only to experts retained to give testimony at trial, and not to treating physicians. Nevertheless, despite noting a 1999 decision from this Court supporting the defendants' position, the Supreme Court adhered to its determination to preclude the proposed testimony.
At the conclusion of the trial on the issue of damages, the jury returned a verdict in favor of the plaintiff and against the defendants in the principal sum of $2,000,000. Thereafter, the defendants, among others, moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict on the issue of damages as contrary to the weight of the evidence or in the interest of justice, and for a new trial on that issue. In an order dated March 24, 2017, the Supreme Court denied the motion. The court issued a judgment in favor of the plaintiff and against the defendants in the principal sum of $2,000,000.
Pursuant to CPLR 4404(a), a trial court has the discretion to order a new trial in the interest of justice (see Rocco v Ahmed, 146 AD3d 836, 837-838; Lariviere v New York City Tr. Auth., 131 AD3d 1130, 1132). "A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise" (Allen v Uh, 82 AD3d 1025, 1025; see Morency v Horizon Transp. Servs., Inc., 139 AD3d 1021, 1023). "In considering such a motion, [t]he Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected . . . and must look to his or her own common sense, experience and sense of fairness rather than to precedents in arriving at a decision" (Morency v Horizon Transp. Servs., Inc., 139 AD3d at 1023 [internal quotation marks omitted]; see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381; Rocco v Ahmed, 146 AD3d at 837-838).
A treating physician is permitted to testify at trial regarding causation, notwithstanding the failure to provide notice pursuant to CPLR 3101(d)(1) (see Kowalsky v County of Suffolk, 139 AD3d 903, 905; Jing Xue Jiang v Dollar Rent a Car, Inc., 91 AD3d 603, 604; Logan v Roman, 58 AD3d 810; Butler v Grimes, 40 AD3d 569, 570; Malanga v City of New York, 300 AD2d 549, 550; Krinsky v Rachleff, 276 AD2d 748, 750; Mantuano v Mehale, 258 AD2d 566, 567). [*2]"Indeed, a plaintiff's treating physician could testify to the cause of the injuries even if he or she had expressed no opinion regarding causation in his or her previously exchanged medical report'" (Kowalsky v County of Suffolk, 139 AD3d at 905, quoting Logan v Roman, 58 AD3d at 810). Here, the Supreme Court should not have precluded the plaintiff's treating physician from testifying regarding causation based on the defendants' failure to provide notice pursuant to CPLR 3101(d)(1), as that provision does not apply to treating physicians (see Logan v Roman, 58 AD3d 810; Krinsky v Rachleff, 276 AD2d at 750). Moreover, under the circumstances of this case, the error in precluding this testimony cannot be deemed harmless.
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict on the issue of damages in the interest of justice and for a new trial on that issue.
In light of our determination, we need not reach the defendants' remaining contentions.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.

2017-05078 DECISION & ORDER ON MOTION
2017-11995
Orhan Duman, respondent,
v Eric Joshua Scharf, et al., appellants.
(Appeal No. 1)
Orhan Duman, respondent,
v Eric Joshua Scharf, et al., appellants,
et al., defendant.
(Appeal No. 2)
(Index No. 28863/09)

Motion by the respondent to strike stated portions of the appellants' brief on appeals from an order of the Supreme Court, Kings County, dated March 24, 2017, and a judgment of the same court entered July 18, 2017, on the ground that the brief refers to matter dehors the record. By decision and order on motion of this Court dated May 3, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is denied.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court