Romano v Clove Lakes Health Care & Rehabilitation Ctr., Inc. (2023 NY Slip Op 06764)

Romano v Clove Lakes Health Care & Rehabilitation Ctr., Inc.

2023 NY Slip Op 06764

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-13252
 (Index No. 101771/13)

[*1]Dolores Romano, etc., appellant-respondent, 
v
Clove Lakes Health Care and Rehabilitation Center, Inc., respondent-appellant.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia Raicus and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellant-respondent.
Caitlin Robin & Associates, PLLC, New York, NY (Mark Laughlin of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, and the defendant cross-appeals, from an amended order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated December 9, 2022. The amended order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside, as excessive, so much of a jury verdict as awarded the plaintiff damages to the extent of setting aside that portion of the jury verdict and directing a new trial on the issue of damages unless the plaintiff stipulated to reduce the award of damages from the sum of $6,000,000 to the sum of $500,000. The amended order, insofar as cross-appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the jury verdict in the interest of justice and for a new trial.
ORDERED that the amended order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside, as excessive, so much of the jury verdict as awarded the plaintiff damages to the extent of setting aside that portion of the jury verdict and directing a new trial on the issue of damages unless the plaintiff stipulated to reduce the award of damages from the sum of $6,000,000 to the sum of $500,000, and substituting therefor a provision granting that branch of the motion to the extent of setting aside so much of the jury verdict as awarded the plaintiff damages and directing a new trial on the issue of damages unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the award of damages from the sum of $6,000,000 to the sum of $1,000,000; as so modified, the amended order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action, alleging, inter alia, that the defendant was negligent in failing to prevent the fall of the plaintiff's decedent from his wheelchair, and that as a result, the decedent fractured his left hip and had to undergo a hip replacement surgery. Following [*2]a jury trial, the jury returned a verdict finding that the defendant was negligent and awarding the plaintiff damages in the sum of $6,000,000 for the decedent's past pain and suffering. The defendant thereafter moved, inter alia, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict in the interest of justice and for a new trial or, in the alternative, to set aside, as excessive, so much of the verdict as awarded damages. The Supreme Court denied those branches of the defendant's motion which were to set aside the verdict and for judgment as a matter of law dismissing the complaint or, in the alternative, to set aside the verdict in the interest of justice and for a new trial. The court granted that branch of the defendant's motion which was to set aside, as excessive, so much of the verdict as awarded damages to the extent of setting aside that portion of the verdict and directing a new trial on the issue of damages unless the plaintiff stipulated to reduce the award of damages from the sum of $6,000,000 to the sum of $500,000. The plaintiff appeals, and the defendant cross-appeals.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of its motion which was pursuant to CPLR 4404(a) to set aside the verdict in the interest of justice and for a new trial. The court did not err in precluding Stanley Freidman from testifying at trial as to the contents of a radiology report that he authored pertaining to the decedent's hip injury since the defendant did not comply with CPLR 3101(d)(1)(i) (see Rocco v Ahmed, 146 AD3d 836; cf. Duman v Scharf, 186 AD3d 672).
Contrary to the defendant's contention, it waived its argument regarding a nursing/medical malpractice charge (see Zito v New York State Elec. & Gas Corp., 122 AD2d 499, 500).
The plaintiff correctly contends that the award for the decedent's past pain and suffering, as reduced by the Supreme Court, deviated materially from what would be reasonable compensation (see CPLR 5501[c]). The evidence at trial demonstrated that the decedent suffered an acute mildly displaced fracture to his left hip after he fell from his wheelchair. The decedent's injuries required that he undergo a hip replacement surgery on his left hip. After the surgery, the decedent returned to the defendant for short-term physical therapy. At first, he was able to engage in physical therapy and walk with the assistance of a walker. However, rehabilitation after the surgery was extensive. Although his hip healed, the decedent complained that his legs were numb. After six or seven months, he could no longer walk. The decedent was placed on "long-term stay" and remained at the defendant for three years until his death. The decedent continued to experience pain and was unable to walk, requiring constant use of his wheelchair. The decedent, who had Parkinson's disease, developed dementia after the surgery. Under the circumstances, and taking into account awards in similar cases (see Fortune v New York City Hous. Auth., 201 AD3d 705, 707; cf. Estate of Lubitz v Townhouse Operating Co., LLC, 2016 WL 1622972 [Verdict and Settlement Summary, JVR No. 1604250015] [Sup Ct, Nassau County, Index No. 10335/11]), we find that the award for the decedent's past pain and suffering, as reduced by the court, deviated materially from what would be reasonable compensation to the extent indicated herein.
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court