of the evidence. Upon our review of the record, we conclude that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Although a finding of causation "does not inevitably flow from a finding of culpable conduct" (*Gaston v Viclo Realty Corp.,* 215 AD2d 174, *lv denied* 87 NY2d 804, *cert denied* 517 US 1169), in this case it is logically impossible to find negligence without also finding causation (*see, Vera v Bielomatik Corp.,* 199 AD2d 132, 133; *Bucich v City of New York,* 111 AD2d 646). The jury found that defendants were negligent in depositing mud and liquid manure on the highway, or permitting it to remain there, and it is undisputed that the operator of the motorcycle lost control in attempting to avoid that material. Thus, the jury must have concluded that the accident was caused entirely by the negligence of the operator of the motorcycle or that plaintiff sustained no injury. Neither alternative is supported by the record. (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.—Negligence.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.

■ LYNN STARK, Respondent-Appellant, v RICHARD D. SEMERAN et al., Appellants-Respondents, et al., Defendants. (Appeal No. 1.) [666 NYS2d 528] —Appeals unanimously dismissed without costs (*see,* CPLR 5501 [a] [2]). (Appeals from Order of Supreme Court, Onondaga County, Stone, J.—New Trial.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.

■ LYNN STARK, Respondent-Appellant, v RICHARD D. SEMERAN et al., Appellants-Respondents, et al., Defendants. (Appeal No. 2.) [665 NYS2d 233] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Supreme Court erred in precluding defendant doctor from offering expert testimony that the cause of the death of plaintiff's infant was umbilical cord stricture. The court precluded that testimony because defendants failed to identify defendant doctor as an expert and disclose the subject on which he was expected to testify, as required by CPLR 3101 (d) (1) (i). Because defendant doctor was plaintiff's treating physician, rather than an expert retained to give opinion testimony at trial, CPLR 3101 (d) (1) (i) does not bar the admission of his expert testimony (*see, Rook v 60 Key Centre,* 239 AD2d 926; *Beck v Albany Med. Ctr. Hosp.,* 191 AD2d 854, 856; *Nesselbush v Lockport Energy Assocs.,* 169 Misc 2d 742). Defendants were significantly prejudiced by the error because they were thereby prevented from presenting a defense. Moreover, the error was compounded when the court permitted plaintiff's expert to testify that the infant's death was not caused by umbilical cord