■ RALPH CASEY, as Executor of PATRICIA CASEY, Deceased, Respondent, v CONCHITA TAN, Appellant. (Appeal No. 1.) [680 NYS2d 884] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, O'Donnell, J.—Negligence.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

dant appeals from an amended judgment in favor of plaintiff in this wrongful death action based upon defendant's alleged failure timely to diagnose ovarian cancer in plaintiff's decedent. Defendant argues that Supreme Court erroneously precluded her from offering evidence on the issue of proximate cause. We agree.

The court erred in precluding decedent's subsequent treating physician from testifying on behalf of defendant concerning his opinion that, given the virulent form of cancer from which decedent suffered, defendant's failure to diagnose cancer, if any, was not a proximate cause of her death (*see, Ferrara v South Shore Orthopedic Assocs.,* 178 AD2d 364, 365-366). The court's reliance upon CPLR 3101 (d) (1) (i) was misplaced; that section applies only to experts retained to give testimony at trial, and not to treating physicians (*see, Stark v Semeran* [appeal No. 2], 244 AD2d 894, *lv dismissed* 91 NY2d 956; *Rook v 60 Key Centre,* 239 AD2d 926, 927-928). Nor was the testimony precluded by the failure of defendant to comply with 22 NYCRR 202.17. Defendant was not required by that rule to supply plaintiff with copies of the records of decedent's treating physician, particularly where, as here, plaintiff was in possession of those records (*see, Tower v Chemical Bank,* 140 AD2d 514, 516). Finally, the court erred in determining that testimony concerning the virulent nature of decedent's cancer would be cumulative, particularly in light of the court's subsequent preclusion of testimony on that issue by defendant's expert. Because that testimony was relevant on the issue of proximate cause and the court's rulings precluded defendant from presenting a defense on that issue, a new trial is required (*see, Stark v Semeran, supra*).

In light of our determination, it is not necessary to reach defendant's remaining arguments. Because there must be a new trial, however, we note that the court erred in giving a *Noseworthy* charge (*see, Noseworthy v City of New York,* 298 NY 76) under the circumstances of this case. At the very least, the court should have instructed the jury that the standard set forth in *Noseworthy* applies only to "such factual testimony as the decedent might have testified to, had [s]he lived" (*Holiday v Huntington Hosp.,* 164 AD2d 424, 428). Contrary to plaintiff's argument, defendant preserved that issue for our review by objecting to the charge. We also note that the verdict sheet should have contained categories for past and future economic loss (*see,* CPLR 4111 [d]). (Appeal from Amended Judgment of Supreme Court, Erie County, O'Donnell, J.—Negligence.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.