■ DAVID M. HEMMERLING, Individually and as Administrator of the Estate of DEBORAH A. HEMMERLING, Deceased, Respondent, v JAMES BARNES et al., Defendants, and STEVEN BARNES, Appellant. (Appeal No. 1.) [703 NYS2d 414] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Negligence.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.

■ DAVID M. HEMMERLING, Individually and as Administrator of the Estate of DEBORAH A. HEMMERLING, Deceased, Respondent, v JAMES BARNES et al., Defendants, and STEVEN BARNES, Appellant. (Appeal No. 2.) [702 NYS2d 731] —Amended judgment unanimously affirmed with costs. Memorandum: Plaintiff commenced this action seeking damages for the alleged negligence of, *inter alia*, Steven Barnes, D.O. (defendant) in providing medical treatment to Deborah A. Hemmerling (decedent). Supreme Court properly instructed the jury that, "[i]n a death action such as this * * * the plaintiff * * * is not held to as high a degree of proof as is required of an injured plaintiff who can describe what happened" (PJI 1:61 [3d ed];

*see, Noseworthy v City of New York,* 298 NY 76, 80). Defendant, relying upon dictum in *Casey v Tan* ([appeal No. 2] 255 AD2d 900, 901), contends that the court erred in failing to instruct the jury further that the *Noseworthy* standard is limited to those facts to which decedent, if she were alive, could testify. We reject that contention. In *Casey,* unlike the instant case, there was no disputed issue of fact on which decedent, had she lived, could have testified. The charge as given in this case, taken verbatim from PJI 1:61 (3d ed), accurately stated the law as it applies to the facts in this case and did not prevent the jury from fairly considering the issue of defendant's negligence (*cf., Bjelicic v Lynned Realty Corp.,* 152 AD2d 151, 154-155, *appeal dismissed* 75 NY2d 947). Thus, the failure to give the requested charge did not constitute reversible error.

We also reject the contention of defendant that the conduct of the court deprived him of a fair trial. "[T]he actions of the trial court were, in the main, directed towards focusing the proceedings on the relevant issues and clarifying facts material to the case in order to expedite the trial" (*Sheinkerman v 3111 Ocean Parkway Assocs.,* 259 AD2d 480, *lv dismissed in part and denied in part* 93 NY2d 956). The court's conduct did not suggest any bias against defendant (*see, Delcor Labs. v Cosmair, Inc.,* 263 AD2d 402). Further, even if "certain of its actions may have been somewhat intemperate or better left undone, overall the conduct complained of was not so egregious as to deprive the defendant of a fair trial" (*Sheinkerman v 3111 Ocean Parkway Assocs., supra,* at 480). (Appeal from Amended Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Negligence.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.