# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

548
CA 14-01096
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

DAVID K. BORYSZEWSKI, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

JOHN E. HENDERSON, GENERAL MOTORS ACCEPTANCE
CORPORATION, NIAGARA FRONTIER RECOVERY, LLC,
AND NIAGARA FRONTIER RECOVERY AND REMARKETING,
LLC, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (PAUL D. MCCORMICK OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered February 21, 2014. The judgment, among other things, awarded defendants costs and disbursements.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained during a confrontation with John E. Henderson (defendant) that arose in connection with defendant's repossession of a pickup truck from an impound lot owned by plaintiff. At the time of the alleged accident, defendant was transporting the pickup truck on the bed of a flatbed truck and plaintiff was a pedestrian. When defendant stopped at a traffic light, plaintiff approached the flatbed truck on foot, stepped onto the running board, and allegedly sustained an injury when defendant drove away. Plaintiff alleged, inter alia, that during the incident defendant violated Vehicle and Traffic Law §§ 425, 1162 and 1212, UCC 9-609, and Penal Law § 140.10 (a). Following a trial, the jury returned a verdict of no cause of action based on its determinations that the accident did not occur during the repossession of the pickup truck and that defendant was not negligent. Supreme Court thereafter denied plaintiff's motion seeking, inter alia, to set aside the verdict as against the weight of the evidence and based upon juror misconduct.

Plaintiff failed to preserve for our review his contention that the court erred in failing to charge the jury with respect to defendant's alleged Vehicle and Traffic Law violations in accordance

with PJI 2:26.  He did not request that charge or object to the charge as given (*see* CPLR 4110-b, 5501 [a] [3]; *McCummings v New York City Tr. Auth.*, 177 AD2d 24, 31-32, *affd* 81 NY2d 923, *rearg denied* 82 NY2d 706, *cert denied* 510 US 991; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 22 AD3d 975, 976), nor in any event did he raise that alleged error in his posttrial motion.  "In the absence of preservation, a jury verdict will not be set aside based on an alleged error in the charge where, as here, the alleged error is not fundamental, i.e., 'it is [not] so significant that the jury was prevented from fairly considering the issues at trial' " (*Wood v Strong Mem. Hosp. of Univ. of Rochester*, 273 AD2d 929, 930).

We reject plaintiff's further contention that the court erred in denying that part of his posttrial motion to set aside the verdict as against the weight of the evidence.  "[T]he preponderance of the evidence in favor of plaintiff is not so great that the verdict could not have been reached upon any fair interpretation of the evidence, nor is the verdict palpably wrong or irrational" (*Kettles v City of Rochester*, 21 AD3d 1424, 1425).  Finally, "on the record of this case, there was no showing of the 'substantial risk of prejudice' necessary to warrant the granting of the motion to set aside the verdict" based upon the allegedly improper communication between a juror and an alternate juror during the trial, and thus the court properly denied that part of plaintiff's posttrial motion to set aside the verdict based upon juror misconduct (*Snediker v County of Orange*, 58 NY2d 647, 649).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court