Carroll v Rondout Yacht Basin, Inc. (2020 NY Slip Op 02703)





Carroll v Rondout Yacht Basin, Inc.


2020 NY Slip Op 02703


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529818

[*1]Robert Bruce Carroll, Appellant,
v
Rondout Yacht Basin, Inc., Respondent.

Calendar Date: March 25, 2020

Before: Lynch, J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Robert Bruce Carroll, Connelly, appellant pro se.
Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Mott, J.), entered July 1, 2019 in Ulster County, which denied plaintiff's motion for partial summary judgment.
The facts are set forth in a prior appeal involving these parties (162 AD3d 1150 [2018], appeal and lv dismissed 32 NY3d 1035 [2018]). Briefly, defendant operates a marina in the Town of Esopus, Ulster County, where plaintiff had docked his boat. Plaintiff commenced this action alleging various causes of action after defendant had removed his boat from the marina and transported it to a nearby dock. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion in its entirety, but this Court modified the court's order by reversing so much thereof as dismissed the breach of contract cause of action (id. at 1152). Plaintiff thereafter moved for partial summary judgment on the reinstated breach of contract cause of action. Supreme Court denied the motion. Plaintiff appeals. We affirm.
Assuming, without deciding, that plaintiff's motion for partial summary judgment was timely, we find that it was correctly denied. The determination of an issue on a prior appeal by an appellate court is law of the case and it binds the trial court and the appellate court and forecloses a reexamination of the issue in the absence of a showing of subsequent evidence or a change of law (see O'Buckley v County of Chemung, 163 AD3d 1129, 1130 [2018]; Locilento v John A. Coleman Catholic High School, 134 AD2d 39, 43 [1987]). Plaintiff, in his motion, sought an order "affirming the existence of an oral contract and its breach by . . . defendant as a matter of law." In the prior appeal, however, we found that a question of fact existed as to whether the parties had formed an oral contract (162 AD3d at 1152). As such, our prior determination is law of the case. In the absence of any new evidence or a change of law since our prior decision, we are foreclosed from reexamining the issue raised in plaintiff's motion. Plaintiff's remaining assertions have been considered and are without merit.
Lynch, J.P., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.