Tozan v Engert (2020 NY Slip Op 06633)





Tozan v Engert


2020 NY Slip Op 06633


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


835 CA 19-02260

[*1]HAVVA TOZAN, PLAINTIFF-APPELLANT,
v
HOLLY P. ENGERT, DEFENDANT-RESPONDENT. 






MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFF-APPELLANT. 
HAGELIN SPENCER LLC, BUFFALO (LAURA B. GARDINER OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Evelyn Frazee, J.), dated February 27, 2019. The judgment dismissed the complaint upon a jury verdict of no cause of action. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when her vehicle was struck by a vehicle operated by defendant. On appeal from the judgment entered on the jury's verdict finding that defendant's negligence was not a substantial factor in causing plaintiff's injuries, plaintiff contends that Supreme Court erred in denying her posttrial motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence. We reject that contention.
" 'A verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence' " (Lesio v Attardi, 121 AD3d 1527, 1528 [4th Dept 2014]; see Clark v Loftus, 162 AD3d 1643, 1643-1644 [4th Dept 2018]). "Where a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view . . . and the trial court should not set aside [the] verdict unless it is palpably irrational or wrong" (Lesio, 121 AD3d at 1528 [internal quotation marks omitted]; see Boryszewski v Henderson, 129 AD3d 1465, 1466 [4th Dept 2015]).
Here, we conclude that the evidence at trial did not so preponderate in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence. At trial, both plaintiff's and defendant's expert witnesses agreed that plaintiff suffered from degenerative lumbar spinal stenosis, which had required surgical intervention before the accident at issue and was unrelated to the collision. Thus, the central dispute at trial was whether the collision caused a traumatic injury to the nerves in plaintiff's lumbar spine or, instead, whether her presentation of symptoms related to a cause other than the collision. Here, although plaintiff's expert opined that plaintiff's injuries were caused by the collision with defendant's vehicle, defendant's expert opined that the timing of the onset of plaintiff's new symptoms, as set forth in the medical records, established that they were not the result of the collision. Defendant's expert further testified that plaintiff's complaints of foot numbness in the days immediately following the collision were not attributable to the collision inasmuch as plaintiff had made those same complaints before the collision. The jury was entitled to credit the testimony of defendant's witnesses and reject the testimony of plaintiff's witnesses, and its interpretation of the competing evidence was neither "palpably irrational" nor "palpably wrong" (McMillian v Burden, 136 AD3d 1342, 1344 [4th Dept 2016] [internal quotation marks omitted]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court