Freeman v State of New York (2022 NY Slip Op 03559)

Freeman v State of New York

2022 NY Slip Op 03559

Decided on June 2, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 2, 2022

533528
[*1]Vincent Freeman, Appellant,
v
State of New York, Respondent.

Calendar Date:April 21, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Melvin & Melvin, PLLC, Syracuse (Erin M. Tyreman of counsel), for appellant.
Letitia James, Attorney General, Albany (Kevin C. Hu of counsel), for respondent.

Lynch, J.
Appeal from an order of the Court of Claims (Collins, J.), entered June 16, 2021, which granted defendant's motion to preclude claimant from introducing expert opinion testimony.
In April 2017, claimant filed a claim against defendant to recover for injuries he sustained nearly two years prior while incarcerated at Gouverneur Correctional Facility. Claimant alleged that, during his incarceration, he was assigned to the prison recycling crew. On July 2, 2015, a correction officer informed the recycling crew that they were going to be performing lawn and grounds work that day, including the unloading of 50-gallon salt barrels from a truck. While claimant was performing that work, another incarcerated individual allegedly "caused one of the barrels to drop from the truck and land on claimant's left foot," fracturing the base of claimant's left second metatarsal. The claim against defendant arising from this event asserted various theories of liability, including that defendant was negligent in failing to provide the recycling crew with appropriate training and equipment to perform the work, failing to provide claimant with accommodations for his injury, housing him in premises that were not compatible with his medical condition and failing to provide him with medication and other medical care as directed by his treating physicians.
In June 2017, defendant joined issue and served claimant with discovery demands, including a request for expert witness disclosures (see CPLR 3101 [d]). The Court of Claims issued a preliminary conference order on September 11, 2017 that required expert witness disclosures at least 60 days in advance of trial and set June 30, 2018 as the deadline for filing a note of issue and certificate of readiness. That deadline was subsequently extended six times. In November 2017, claimant responded to defendant's discovery demands, disclosing four fact witnesses and stating that he would "provide expert disclosure . . . (60) days prior to trial in accordance with the [p]reliminary [c]onference [o]rder."
Claimant filed a note of issue and certificate of readiness on August 25, 2020. He subsequently moved for partial summary judgment on liability, which was denied on March 5, 2021. By letter dated March 12, 2021, claimant listed himself and his treating orthopedist — Kevin Hopson — as trial witnesses. The trial was subsequently bifurcated by order dated March 16, 2021 and, upon the parties' request, the liability portion was set for June 24, 2021.[FN1] Independent medical examinations and the exchange of medical records on the issue of damages were to take place at a later date in the event liability was determined in claimant's favor.
In May 2021, defendant moved to preclude Hopson from providing expert opinion testimony at trial, arguing that claimant merely disclosed Hopson as a fact witness and did not make the required statutory disclosures under CPLR 3101 (d) (1) (i). In her opposing affirmation, claimant's counsel [*2]averred that the failure to comply with CPLR 3101 (d) was not willful because she "was unaware that the Third Department requires CPLR 3101 (d) disclosure of treating physicians," defendant was not prejudiced by the mistake, and adjournment of the trial, rather than the granting of defendant's motion, was the appropriate remedy.
On June 8, 2021, while defendant's motion to preclude was pending, claimant moved for leave to serve a late expert disclosure for Susan Isgar — an expert on worksite safety — and permission to have her testify at trial. In support of that request, claimant averred that, prior to filing the summary judgment motion, he "had no intention of retaining an expert witness on the issue of liability, believing that his testimony as to proximate cause of the subject incident would be sufficient." After receiving the Court of Claims' decision denying his motion, however, claimant "revisited the issue of finding and retaining an expert," ultimately retaining Isgar on June 7, 2021. Defendant opposed the motion on the ground that claimant failed to demonstrate good cause for his late disclosure of Isgar. By order entered June 16, 2021, the court granted defendant's motion to preclude Hopson from providing expert witness testimony and denied claimant's motion for leave to serve a late expert disclosure for Isgar. Claimant appeals.[FN2]
We agree with claimant that the Court of Claims abused its discretion in precluding Hopson from testifying as an expert at trial due to his failure to comply with the substantive requirements of CPLR 3101 (d) (1) (i). That statute provides, in pertinent part, that, "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion" (CPLR 3101 [d] [1] [i]). "Unlike the First, Second and Fourth Departments, this Court interprets [the statute] as requiring disclosure of any medical professional, even a treating physician or nurse, who is expected to give expert testimony" (Schmitt v Oneonta City Sch. Dist., 151 AD3d 1254, 1255 [2017] [internal quotation marks, brackets and citations omitted]).
There is no dispute that claimant failed to comply with the expert disclosure requirements of CPLR 3101 (d) (1) (i) in identifying Hopson as a witness. Nevertheless, we disagree with the Court of Claims' finding that claimant's excuse was unreasonable. The situation here mirrors that in Schmitt v Oneonta City Sch. Dist. (151 AD3d 1254), where we accepted the explanation of the plaintiffs' attorney that he was "unaware of this Court's interpretation of CPLR 3101 (d) (1) (i) and the corresponding need to file an expert disclosure for a treating physician, and the record [was] otherwise [*3]devoid of any indication that counsel's failure to file such disclosure was willful" (id. at 1256). The same holds true here, as claimant's attorney revealed that she practices law in a different judicial department and candidly conceded that she was unaware of this Court's interpretation that the statute requires expert disclosure for treating physicians. There is nothing in the record calling into question the veracity of counsel's representations and no basis to conclude that the noncompliance with CPLR 3101 (d) (1) (i) was willful. As such, the court erred in precluding Hopson's testimony as an expert witness.
We reach a different result as to Isgar. The problem as it pertains to Isgar is not the form of the notice provided under CPLR 3101 (d) (1) (i) — which satisfied the expert disclosure requirements set forth in the statute — but the timeliness of the disclosure. "While a specific time frame [for providing expert witness disclosures] is not set forth in [CPLR 3101 (d) (1) (i)]" (Silverberg v Community Gen. Hosp. of Sullivan County, 290 AD2d 788, 788 [2002]; see David D. Siegel & Patrick M. Connors, N.Y. Prac § 348A at 644 [6th ed 2018]), a trial court has discretion, "under its general authority to supervise disclosure deadlines, . . . [to] impose a specific deadline . . . for the disclosure of experts" and "to impose appropriate sanctions if a party fails to comply with the deadline" (Rivers v Birnbaum, 102 AD3d 26, 41-42 [2012]). "However, where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert's testimony at the trial solely on grounds of noncompliance with [CPLR 3101 (d) (1) (i)]" (CPLR 3101 [d] [1] [i]).
Here, at the outset of this matter, the Court of Claims reasonably imposed a deadline of 60 days in advance of trial to disclose expert witnesses. Claimant, however, did not disclose Isgar until 16 days prior to the June 24, 2021 trial date. Claimant's excuse for failing to abide by the deadline — i.e., that he "revisited the issue" of retaining an expert to testify on the issue of proximate causation following the denial of his summary judgment motion — does not, as the court found, constitute good cause for the late disclosure. Nor did the court's decision wrongfully insinuate, as claimant suggests, that he was obligated to present an expert witness to establish liability. The court merely observed that "no evidence was submitted, expert or otherwise, as to the proper or customary procedure for removing such barrels from the back of a truck" and that questions of fact remained as to the event. Expert testimony as to industry custom may certainly be probative on questions of negligence, but is not required to establish negligence where "the matter is one which is within the experience and observation of the ordinary juror" (Ivory v International Bus. Machines [*4]Corp., 116 AD3d 121, 127 [2014] [internal quotation marks and citation omitted], lv denied 23 NY3d 903 [2014]; see Trimarco v Klein, 56 NY2d 98, 105-107 [1982]). In these circumstances, we cannot conclude that the court abused its discretion in precluding Isgar's testimony (see Lasher v Albany Mem. Hosp., 161 AD3d 1326, 1332 [2018]; Colucci v Stuyvesant Plaza, Inc., 157 AD3d 1095, 1098-1099 [2018], lv denied 31 NY3d 906 [2018]; Maggio v Doughtery, 130 AD3d 1446, 1446 [2015]).
Garry, P.J., Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as precluded Kevin Hopson from providing expert witness testimony at trial; defendant's motion denied to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: A November 2020 scheduling order had originally set the trial date for April 4, 2021.

Footnote 2: This Court granted claimant's motion to stay the trial pending resolution of the appeal (see 2021 NY Slip Op 70041[U]).