Carroll v Rondout Yacht Basin, Inc. (2023 NY Slip Op 02150)

Carroll v Rondout Yacht Basin, Inc.

2023 NY Slip Op 02150

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

532781
[*1]Robert Bruce Carroll, Appellant,
v
Rondout Yacht Basin, Inc., Respondent.

Calendar Date:February 23, 2023 

Before:Lynch, J.P., Aarons, Pritzker, Fisher and McShan, JJ.

Robert Bruce Carroll, Connelly, appellant pro se.
Corrigan, McCoy & Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Julian D. Schreibman, J.), entered January 27, 2020 in Ulster County, upon a verdict in favor of defendant.
The facts are set forth in two prior appeals involving these parties (183 AD3d 1000 [3d Dept 2020]; 162 AD3d 1150 [3d Dept 2018], appeal & lv dismissed 32 NY3d 1035 [2018]). As relevant here, plaintiff docked his boat at a marina in the Town of Esopus, Ulster County, which was operated by defendant. Plaintiff commenced this action alleging various causes of action, including breach of contract. Following joinder of issue, defendant moved for summary judgment seeking dismissal of the complaint. Supreme Court (Mott, J.) granted the motion in its entirety, but this Court modified said order by reversing so much thereof as dismissed the breach of contract cause of action (162 AD3d at 1152). After reinstatement, plaintiff moved for partial summary judgment, which motion Supreme Court denied and this Court affirmed (183 AD3d at 1000). A jury trial on plaintiff's breach of contract claim ensued. At the close of trial, both parties moved for a directed verdict, which motions were denied by Supreme Court (Schreibman, J.). The jury found in favor of defendant. Plaintiff then moved for a directed verdict, which was denied, and the court issued a judgment thereon. Plaintiff appeals.
We affirm. "A verdict in favor of a defendant may be successfully challenged as against the weight of the evidence if it can be shown that a preponderance of the proof presented at trial so strongly favored the plaintiff's case that a contrary verdict could not have been reached upon any fair interpretation of that evidence" (Mosher v Murell, 295 AD2d 729, 730 [3d Dept 2002] [internal quotation marks and citations omitted], lv denied 98 NY2d 613 [2002]; see Adirondack Classic Design, Inc. v Farrell, 182 AD3d 809, 811 [3d Dept 2020]). As relevant here, "[t]o recover for a breach of contract, a party must establish the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach" (Adirondack Classic Design, Inc. v Farrell, 182 AD3d at 811). To establish the existence of a contract, the plaintiff must demonstrate that there was "an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound" (Galarneau v D'Andrea, 184 AD3d 1064, 1065-1066 [3d Dept 2020] [internal quotation marks and citations omitted]). The court may enforce "an oral agreement . . . as long as the terms are clear and definite and the conduct of the parties evinces mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (id. at 1066 [internal quotation marks and citations omitted]).
At trial plaintiff testified that, in April 2008, he paid the manager at the marina $500 as a down payment. It is plaintiff's contention that this $500 payment was the consideration for [*2]an oral contract allowing plaintiff to dock his boat in the marina for the summer. In support of this, plaintiff admitted an invoice between him and defendant to demonstrate the absence of any outstanding dues and the existence of an oral contract as of April 2008.[FN1] Plaintiff testified that, not long after making this payment, defendant gave him a letter stating that he had to leave the marina. Plaintiff explained that he obtained an injunction from a local court and that, after that was lifted, defendant launched his boat and brought it to Kingston Marina. Plaintiff lost track of the boat's location after he refused to pay the money that defendant was demanding. Plaintiff eventually found the boat and prepared a trailer to tow the boat, yet could not because there was construction equipment blocking the boat's pathway. Ultimately, by the time plaintiff paid for, among other things, the removal of the boat from the water, he had paid over $300.
Plaintiff then explained that, in the past, he would make the "usual payment" to the marina in the spring for his "summer slip arrangement" and a second one in the fall for winter. Plaintiff testified that over 10 years there were 20 contracts, all of which were written except two that may have been oral. Plaintiff then testified that if he was not given a contract to sign, he would just pay the manager at the marina and would receive his slip. Despite testifying that only two contracts were oral, plaintiff did not admit into evidence any written contract or agreement language over this 10-year time period. On cross-examination, defendant admitted a contract between plaintiff and defendant from May 2007, signed by plaintiff, which reflected an agreement between the parties for plaintiff to dock his boat from May 2007 until October 2007 for $1,700. Plaintiff maintained that the alleged oral contract mirrored the terms of the May 2007 written contract. Plaintiff then conceded that the $500 payment made by him to the marina manager would not have satisfied the contractual requirement or the alleged oral contract.[FN2]
Based on the foregoing, we find that "the evidence at trial did not so preponderate in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence" (Tozan v Engert, 188 AD3d 1659, 1660 [4th Dept 2020]). Although there appears to be no dispute that plaintiff offered defendant $500 and defendant accepted this payment, the parties do not agree on the purpose of this payment as defendant claims it was to satisfy plaintiff's outstanding obligations to defendant. Although plaintiff testified that he had entered into 20 contracts with defendant over the course of 10 years for the continued usage of the marina, plaintiff failed to produce evidence of any such contracts. Further, plaintiff conceded that the contracts, or agreements, entered into with defendant were adhesion contracts and that any money given by plaintiff was nonrefundable. Thus, while plaintiff [*3]relies on the argument that his past course of performance with defendant established mutual assent to an oral contract, the testimony provided fails to provide clear and definite material terms of the parties' agreement (see Galarneau v D'Andrea, 184 AD3d at 1065-1066; see generally AMCAT Global, Inc. v Greater Binghamton Dev., LLC, 140 AD3d 1370, 1372 [3d Dept 2016], lv denied 28 NY3d 904 [2016]). As such, based on the evidence presented and giving deference to the credibility determinations of the jury, we find that the jury's verdict "was based upon a fair interpretation of the evidence" that plaintiff failed to establish the formation of an oral contract in April 2008 when plaintiff paid $500 to defendant (Mosher v Murell, 295 AD2d at 731; see Tozan v Engert, 188 AD3d at 1660; see also Sternberg Serv. Corp. v Maplewood Stone Co., 54 AD2d 787, 787 [3d Dept 1976]). We find that plaintiff's arguments regarding the jury charge and the verdict sheet are unpreserved due to plaintiff's failure to raise any such objections at trial (see Adirondack Classic Design, Inc. v Farrell, 182 AD3d at 815; City of Binghamton v Serafini, 8 AD3d 835, 837 [3d Dept 2004]). We have examined plaintiff's remaining contentions and find them to be lacking in merit.
Lynch, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: This invoice is difficult to interpret.

Footnote 2: Plaintiff called two additional witnesses, but their testimony was only slightly relevant, at best.