Rogers v NYCM (2023 NY Slip Op 06778)

Rogers v NYCM

2023 NY Slip Op 06778

Decided on December 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 28, 2023

534972
[*1]Victor Rogers, Appellant,
v
NYCM, Respondent.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Victor Rogers, Hudson, appellant pro se.
Conway, Donovan & Manley, PLLC, Albany (Lauren N. Mordacq of counsel), for respondent.

McShan, J.
Appeal from an order of the Supreme Court (Laura M. Jordan, J.), entered April 12, 2022 in Columbia County, upon a dismissal of the complaint at the close of plaintiff's case.
In 2017, plaintiff was the victim of a housefire that destroyed his home and most of his personal possessions, and also resulted in the deaths of several of his pets. Plaintiff had procured a homeowner's insurance policy issued by defendant, covering the dwelling and other structures, as well as his personal property and loss of use. In 2017 and 2018, defendant issued payments to plaintiff under the policy totaling $271,878.84, including $152,525 for the loss of the dwelling and $105,000 for the loss of personal property, for which the coverage limits were $172,000 and $120,400, respectively. The reconstruction of plaintiff's home was sporadic and delayed and was not completed within the policy's two-year reimbursement period. In April 2019, plaintiff — acting pro se — commenced this action asserting, in essence, a claim for breach of contract, with a concomitant request for punitive damages. The matter proceeded to a bench trial and, at the close of plaintiff's proof, Supreme Court granted defendant's motion for a directed verdict and dismissed the complaint. Plaintiff appeals.[FN1]
We affirm. "A trial court may grant a CPLR 4401 motion for judgment as a matter of law only when, viewing the evidence in the light most favorable to the nonmoving party and affording it the benefit of every inference, there is no rational process by which [the trier of fact] could find in favor of the nonmoving party" (Adirondack Classic Design, Inc. v Farrell, 182 AD3d 809, 811 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]; see CPLR 4401). Pertinent here, to establish a cause of action for breach of contract, a party must show "the existence of a contract, the party's own performance under the contract, the other party's breach of its contractual obligations, and damages resulting from the breach" (EDW Drywall Constr., LLC v U.W. Marx, Inc., 189 AD3d 1720, 1722 [3d Dept 2020] [internal quotation marks and citation omitted]; see Carroll v Rondout Yacht Basin, Inc., 215 AD3d 1190, 1191 [3d Dept 2023]).
At trial, plaintiff asserted that defendant acted in bad faith because it failed to provide sufficient funds to pay for the reconstruction of his home owing to unforeseen increases in project costs. Plaintiff further asserted that defendant's scheduled disbursement of payments over several months delayed progress on the project, although he acknowledged that the delays that he experienced in paying contractors involved receiving money from the third-party bank through which disbursements had been made. Plaintiff also acknowledged that weather and other difficulties contributed to extending the project's timeline. According to plaintiff, these delays ultimately resulted in the reconstruction of his home being incomplete at the expiration of the insurance policy's two-year [*2]disbursement period and that, at that time, he was still owed $19,200, citing primarily defendant's failure to cover costs associated with damage to fencing and tree removal, as well as home rental and pet boarding fees.
On cross-examination, however, plaintiff agreed that he had received from defendant the expected payout of $271,878.84 under the policy. As to his assertion that he should have received additional funding to cover rental costs in the amount of $800 per month, he acknowledged that he had only requested $400 per month from defendant to cover said costs and made no showing that these requests had been denied. Similarly, plaintiff failed to show that he submitted a request for coverage of his pet boarding fees or that defendant had denied any such request, nor did he show that he submitted requests for coverage of damage to his fencing, tree removal or any additional reconstruction costs. Notably, plaintiff executed a sworn statement, which was admitted into evidence, wherein he attested to the value of his lost personal property and secured a payout from defendant for same, in exchange for releasing defendant from any further claims under his personal property coverage.
In view of the foregoing, although we sympathize with plaintiff's ordeal in navigating the consequences of a devastating housefire, we find that Supreme Court properly granted defendant's motion for a directed verdict based upon plaintiff's failure to establish both his own performance under the insurance contract and defendant's breach of its contractual obligations (see Peak v Northway Travel Trailers, Inc., 27 AD3d 927, 928-929 [3d Dept 2006]; compare Adirondack Classic Design, Inc. v Farrell, 182 AD3d at 811). To the extent that plaintiff's claims concerning the timing of disbursements can be construed as alleging that defendant acted in bad faith in a manner distinct from its contractual obligations (see generally New York Univ. v Continental Ins. Co., 87 NY2d 308, 319-320 [1995]), plaintiff's assertion that defendant deliberately employed a payment schedule designed to thwart his home's timely reconstruction is belied by his own acknowledgment that any delays in his receipt of certain funds resulted from difficulties with the third-party bank where disbursements had been made (see Roemer v Allstate Indem. Ins. Co., 163 AD3d 1324, 1326 [3d Dept 2018]). Accordingly, there was no basis for an award of punitive damages (see New York Univ. v Continental Ins. Co., 87 NY2d at 315-316).
Clark, J.P., Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Although plaintiff's notice of appeal is technically premature because he filed it prior to the entry of Supreme Court's order of dismissal (see Davis v Wyeth Pharms., Inc.,86 AD3d 907, 908 n 2 [3d Dept 2011]), in the exercise of our discretion, we will treat the notice of appeal as valid (see CPLR 5520 [c]; Matter of Panzer v Wood, 100 AD3d 1119, 1120 n 2 [3d Dept 2012], lv dismissed 20 NY3d 1001 [2013]).