Grady v Szczech (2024 NY Slip Op 03634)

Grady

2024 NY Slip Op 03634

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

394 CA 23-01442

[*1]JON M. GRADY, PLAINTIFF-APPELLANT,
v
FRANK W. SZCZECH, DEFENDANT-RESPONDENT.

WEGERSKI LAW FIRM, NEW YORK CITY (JOHN P. WEGERSKI, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from a judgment of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered March 7, 2023. The judgment dismissed the complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he attempted to stop his motorcycle after observing a vehicle driven by defendant making a left-hand turn and crossing plaintiff's lane of travel. The action proceeded to a jury trial, after which the jury returned a verdict finding that defendant was not negligent. Plaintiff now appeals from an order denying his motion to set aside the verdict pursuant to CPLR 4404 (a). Although the order is subsumed in the final judgment subsequently entered and the appeal properly lies from the judgment (see CPLR 5501 [a] [1]; Thornton v City of Rochester, 160 AD3d 1446, 1446 [4th Dept 2018]), we exercise our discretion to treat the notice of appeal as valid and deem the appeal taken from the judgment (see CPLR 5520 [c]; Warme v Banas, 200 AD3d 1672, 1672 [4th Dept 2021]; see also Thornton, 160 AD3d at 1446). On appeal, plaintiff contends that Supreme Court erred in determining that the verdict is not against the weight of the evidence. We reject that contention.
A motion to set aside a verdict rendered in favor of a defendant as against the weight of the evidence (see CPLR 4404 [a]) may be granted "only when the evidence so preponderated in favor of the plaintiff that [the verdict] could not have been reached on any fair interpretation of the evidence" (Senycia v Vosseler, 217 AD3d 1520, 1522 [4th Dept 2023] [internal quotation marks omitted]; see Tozan v Engert, 188 AD3d 1659, 1660 [4th Dept 2020]). In light of the conflicting testimony of the parties' expert witnesses regarding the speed of plaintiff's vehicle and the distance at which he first observed defendant's vehicle turning into his lane of travel, it cannot be said that the evidence so preponderated in favor of plaintiff that the jury's verdict could not have been reached on any fair interpretation of the evidence (see Senycia, 217 AD3d at 1522; Long v Niagara Frontier Transp. Auth., 81 AD3d 1391, 1392 [4th Dept 2011]; see generally Clark v Loftus, 162 AD3d 1643, 1644 [4th Dept 2018]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court