Schultz v Albany Med. Ctr. Hosp. (2025 NY Slip Op 02827)

Schultz v Albany Med. Ctr. Hosp.

2025 NY Slip Op 02827

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

CV-23-1686
[*1]Jonathan Schultz, Individually and as Administrator of the Estate of Lynette A. Schultz, Deceased, Appellant,
v
Albany Medical Center Hospital, Respondent.

Calendar Date:March 27, 2025

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, McShan and Mackey, JJ.

Fern E. De Jonge, Brooklyn, for appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Monique B. McBride of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Kimberly O'Connor, J.), entered August 10, 2023 in Albany County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff, individually and as administrator of the estate of Lynette A. Schultz (hereinafter decedent), commenced this action in August 2018 alleging claims of medical malpractice and wrongful death based upon the medical care and treatment decedent received while a patient at defendant. Plaintiff also filed a derivative claim for loss of consortium. In December 2018, defendant joined issue and served plaintiff with discovery demands, including a request for expert witness disclosure (see CPLR 3101 [d]). Supreme Court issued an order establishing discovery deadlines in May 2019. The court subsequently issued numerous orders extending the discovery deadlines. Plaintiff filed a trial note of issue and certificate of readiness in May 2022. On this same date, plaintiff filed his "response to expert witness" disclosing the name and curriculum vitae of one expert — a forensic pathologist — but no accompanying summary of his expected testimony. Within said response, plaintiff reserved the right to seek the court's permission to amend or supplement this information, and, in July 2022, pursuant to the court's final scheduling order, plaintiff filed the affidavit of this expert summarizing his medical opinion.
Defendant then filed its expert disclosure setting forth three experts, a gastroenterologist, an oncologist/hematologist and a pathologist, and moved for summary judgment. Plaintiff filed opposition to defendant's summary judgment motion and, at the same time, cross-moved to supplement his expert witness disclosure by proffering the opinion of a second expert witness, a surgeon, who, as articulated in plaintiff's papers opposing summary judgment, opined as to decedent's surgery and the appropriateness of defendant's supervision of decedent after surgery. Supreme Court denied plaintiff's cross-motion and granted summary judgment dismissing the complaint. Plaintiff appeals.
Plaintiff initially argues that Supreme Court erred in denying his motion to supplement his expert disclosure. CPLR 3101 (d) (1) governs expert disclosure. "While a specific time frame for providing expert witness disclosures is not set forth in CPLR 3101 (d) (1) (i), a trial court has discretion, under its general authority to supervise disclosure deadlines, to impose a specific deadline for the disclosure of experts and to impose appropriate sanctions if a party fails to comply with the deadline" (Freeman v State of New York, 206 AD3d 1102, 1105 [3d Dept 2022] [internal quotation marks, brackets, ellipses and citations omitted]; see Bohlke v General Elec. Co., 27 AD3d 924, 924 [3d Dept 2006]). "Our decisions have made it abundantly clear that a trial court is within its discretion in precluding expert testimony for failure to comply with the provisions of CPLR 3101 (d)[*2](1) (i) where the non-complying party fails to show good cause for its delay and/or that disclosure was not intentionally withheld" (Douglass v St. Joseph's Hosp., 246 AD2d 695, 696 [3d Dept 1998] [citations omitted]; see Lasher v Albany Mem. Hosp., 161 AD3d 1326, 1331-1332 [3d Dept 2018]). "Only a clear abuse of that discretion will justify our intervention" (Lasher v Albany Mem. Hosp., 161 AD3d at 1332 [internal quotation marks and citations omitted]; see Maggio v Doughtery, 130 AD3d 1446, 1446-1447 [4th Dept 2015]).
Contrary to plaintiff's assertion that he had the right to supplement his expert witness pathologist's disclosure by including language in his expert witness disclosure document that he "reserves the right to seek the [c]ourt's permission to amend or supplement this information," this is merely generic language. More importantly, plaintiff, in proposing this expert, is not supplementing or amending his pathologist's disclosure, which "focus[es] on the cause, manner and investigations conducted into the death of" decedent. Instead, plaintiff is attempting to disclose a second expert, a surgeon, whose expertise is in a wholly unrelated field and whose proffered opinion does not pertain to matters addressed in the pathologist's opinion. Finally, plaintiff asserts that he should be allowed to supplement his expert witness disclosure because the document contained language that he reserved the right to supplement based on the assertion that there were — at the time of his initial response [FN1] — additional expert witnesses who were reviewing the case and "may become available" prior to trial. Initially, we note that plaintiff only disclosed the second expert's identity and opinion in response to defendant's summary judgment motion and that this expert's affidavit is dated seven months after plaintiff filed his note of issue. More crucially, plaintiff did not provide any excuse, much less good cause, for his nondisclosure throughout the lengthy, protracted period of time permitted for discovery — which included numerous adjournments (see Colucci v Stuyvesant Plaza, Inc., 157 AD3d 1095, 1099 [3d Dept 2018], lv denied 31 NY3d 906 [2018]; Tienken v Benedictine Hosp., 110 AD3d 1389, 1391 [3d Dept 2013]). Under these circumstances, we cannot conclude that Supreme Court abused its discretion in denying plaintiff's motion to supplement his expert disclosure (see Freeman v State of New York, 206 AD3d at 1106; Lasher v Albany Mem. Hosp., 161 AD3d at 1332; Meyer v Zeichner, 263 AD2d 597, 599 [3d Dept 1999]; Douglass v St. Joseph's Hosp., 246 AD2d at 697).
Next, we reject plaintiff's contention that Supreme Court erred in granting defendant's motion for summary judgment. As the proponent of a motion for summary judgment, defendant "bore the initial burden of presenting factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [it] complied with the accepted standard [*3]of care or did not cause any injury" to decedent (Henderson v Takemoto, 223 AD3d 996, 998 [3d Dept 2024] [internal quotation marks and citations omitted]; see Sovocool v Cortland Regional Med. Ctr., 218 AD3d 947, 949 [3d Dept 2023]). "If a prima facie case is established, the burden then shifts to plaintiff[ ] to come forward with proof demonstrating defendant['s] deviation from accepted medical practice and that such alleged deviation was the proximate cause of decedent's injuries" (Sovocool v Cortland Regional Med. Ctr., 218 AD3d at 949-950 [internal quotation marks, brackets and citations omitted]; see Schwenzfeier v St. Peter's Health Partners, 213 AD3d 1077, 1080 [3d Dept 2023]). Defendant met its burden through submission of decedent's medical records and the affidavits of its gastroenterologist, oncologist/hematologist and pathologist — each of whom opined that defendant adhered to the accepted standard of care; specifically, that the upper endoscopy was necessary and performed appropriately, that decedent was appropriately assessed for a fall risk based on her history and that the autopsy was performed in accordance with the proper standards and regulations.
The only admissible expert evidence to rebut defendant's prima facie showing was the pathologist's opinion related to the autopsy. This affidavit did not identify or define the applicable standard of care pertaining to decedent's endoscopy or her fall risk,[FN2] and, in fact, failed to set forth the manner in which defendant deviated from the standard of care in its treatment of decedent. It also failed to address any causation between the alleged malpractice and the injuries to decedent and her wrongful death. As such, the expert's affidavit failed to raise a triable issue of fact and, accordingly, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint (see Snyder v Simon, 49 AD3d 954, 956 [3d Dept 2008]; Hoffman v Pelletier, 6 AD3d 889, 890-891 [3d Dept 2004]; Rossi v Arnot Ogden Med. Ctr., 268 AD2d 916, 917-918 [3d Dept 2000], lv denied 95 NY2d 751 [2000]). Plaintiff's assertion that defendant incorrectly named a nonparty and summary judgment should have been granted only to that entity is unpreserved as this argument was not raised before Supreme Court (see Carroll v Rondout Yacht Basin, Inc., 215 AD3d 1190, 1193 [3d Dept 2023], lv dismissed 41 NY3d 962 [2024]; Kumar v Franco, 211 AD3d 1437, 1441 [3d Dept 2022]). Finally, Supreme Court correctly dismissed plaintiff's derivative cause of action for loss of consortium as this claim is not recognized within a wrongful death action (see Liff v Schildkrout, 49 NY2d 622, 633-634 [1980]; Sand v Chapin, 238 AD2d 862, 864 [3d Dept 1997]). We have examined plaintiff's remaining contentions and find them to be lacking in merit.
Garry, P.J., Egan Jr., McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff's initial response was filed in May 2022.

Footnote 2: Given the expert's specialty, he would have had to explain his familiarity with this area of medicine to even attempt this (see Samer v Desai, 179 AD3d 860, 862-863 [2d Dept 2020]; Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895 [3d Dept 2004]).