Dewan-Zemko v Hunter Mtn. Ski Bowl, Inc. (2026 NY Slip Op 00413)

Dewan-Zemko v Hunter Mtn. Ski Bowl, Inc.

2026 NY Slip Op 00413

Decided on January 29, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 29, 2026

CV-24-1741
[*1]Tracy Dewan-Zemko et al., Appellants,
vHunter Mountain Ski Bowl, Inc., Respondent.

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

Law Firm of Michael A. Fakhoury, PC, Fishkill (Jeffrey E. Litman of Litman Law Firm, Woodbury, of counsel), for appellants.
Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for respondent.

Powers, J.
Appeals from an order and an amended order of the Supreme Court (Sharon Graff, J.), entered October 7, 2024 and October 16, 2024 in Greene County, which granted defendant's motion for an order precluding expert witness testimony.
As having previously decided an appeal from an order denying defendant's motion for summary judgment, the underlying facts of this matter are familiar to the Court and need not be restated (217 AD3d 1215 [3d Dept 2023]). Following our decision in that appeal, plaintiffs served defendant with an expert witness disclosure, pursuant to CPLR 3101 (d) (1) (i), notifying defendant of their intent to use plaintiff Tracy Dewan-Zemko's treating physician, Michael Weintraub, as their medical expert at trial on the issue of causation. In response, defendant moved to preclude that witness based on plaintiffs' failure to comply with the timing requirements for disclosure set by the Third Judicial District's practice rules. Over plaintiffs' opposition, Supreme Court granted the motion and precluded Weintraub from testifying as a medical expert. The court found that plaintiffs had failed to comply with the applicable disclosure rules and that their explanations were inadequate when considered in the context of the history of this action — including that defendant had made repeated requests for expert disclosure, the court had directed plaintiffs to comply with the Third Judicial District's disclosure requirements and had previously imposed a lesser sanction for a prior violation of CPLR 3101 (d) (1) (i). Plaintiffs appeal.[FN1]
CPLR 3101 mandates that, "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion" (CPLR 3101 [d] [1] [i]; see Rivera v Montefiore Med. Ctr., 28 NY3d 999, 1001-1002 [2016]). A party is not to be precluded from introducing expert testimony solely on grounds of noncompliance with CPLR 3101 (d) (1) (i) "where [that] party[,] for good cause shown[,] retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof" (CPLR 3101 [d] [1] [i]). "In that instance, upon motion of any party, made before or at trial, or on its own initiative, the court may make whatever order may be just" (CPLR 3101 [d] [1] [i]).
Under this provision, the Second Department has taken the position that "[a] treating physician is permitted to testify at trial regarding causation, notwithstanding the failure to provide notice pursuant to CPLR 3101 (d) (1)" (Duman v Scharf, 186 AD3d 672, 675 [2d Dept 2020]; see Jing Xue Jiang v Dollar Rent a Car, Inc., 91 AD3d 603, 604 [2d Dept 2012]; Mantuano v Mehale, 258 AD2d 566, 567 [2d Dept 1999]; but see Hughes v Webb, [*2]40 AD3d 1035, 1037 [2d Dept 2007]). This blanket rule had previously been followed by the Fourth Department (see Andrew v Hurh, 34 AD3d 1331, 1331 [4th Dept 2006], lv denied 8 NY3d 808 [2007]; Rokitka v Barrett, 303 AD2d 983, 984 [4th Dept 2003]; Bonner v Lee, 255 AD2d 1005, 1005 [4th Dept 1998]; Casey v Tan, 255 AD2d 900, 900 [4th Dept 1998]; Stark v Semeran, 244 AD2d 894, 894 [4th Dept 1997], lv dismissed 91 NY2d 956 [1998]; Rook v 60 Key Ctr., 239 AD2d 926, 927 [4th Dept 1997]; see also Finger v Brande, 306 AD2d 104, 104 [1st Dept 2003]; McGee v Family Care Servs., 246 AD2d 308, 308 [1st Dept 1998]). However, more recently, that Court has adopted the First Department's interpretation of CPLR 3101 (d) (1). Specifically, those Courts have indicated that, if the failure to comply with the notice requirements of CPLR 3101 (d) (1) relates to "a treating physician whose records and reports have been fully disclosed," then that failure "does not warrant preclusion of that expert's testimony" because "the defendant has sufficient notice of the proposed testimony to negate any claim of surprise or prejudice" (Breen v Laric Entertainment Corp., 2 AD3d 298, 299 [1st Dept 2003]; accord Harris v Campbell, 155 AD3d 1622, 1622 [4th Dept 2017]; Hamer v City of New York, 106 AD3d 504, 509 [1st Dept 2013]; see Ryan v City of New York, 269 AD2d 170, 170 [1st Dept 2000]; but see Gjeka v Iron Horse Transp., Inc., 191 AD3d 526, 528 [1st Dept 2021]; Thomas v 14 Rollins St. Realty Corp., 25 AD3d 317, 318 [1st Dept 2006]).
We decline plaintiffs' invitation to adopt the approaches followed by our Sister Departments and reiterate this Court's continued view that CPLR 3101 (d) (1) (i) "requir[es] disclosure of any medical professional, even a treating physician or nurse, who is expected to give expert testimony" (Schmitt v Oneonta City Sch. Dist., 151 AD3d 1254, 1255 [3d Dept 2017] [internal quotation marks and citation omitted]; see Freeman v State of New York, 206 AD3d 1102, 1105 [3d Dept 2022]; see generally David D. Siegel & Patrick M. Connors, New York Practice § 348A [6th ed, Dec. 2024 update]). This interpretation is not only consistent with the plain language of the statute but, also, that " 'the burden of providing expert witness disclosure and setting forth the particular details required by the statute lies with the party seeking to utilize the expert' " (Colucci v Stuyvesant Plaza, Inc., 157 AD3d 1095, 1100 [3d Dept 2018], lv denied 31 AD3d 906 [2018], quoting Schmitt v Oneonta City Sch. Dist., 151 AD3d at 1255). As such, "it is not opposing counsel's responsibility to cull through copious medical records to ferret out the qualifications of the subject expert, the facts or opinions that will form the basis for his or her testimony at trial and/or the grounds upon which the resulting opinion will be based" (Colucci v Stuyvesant Plaza, Inc., 157 AD3d at 1100 [internal quotation marks, brackets and citation omitted]). This is especially true here as plaintiffs had [*3]provided the necessary authorizations for defendant to access medical records from over 15 separate medical professionals, not including those executed for medical offices and pharmacies. Defendant could not be expected to guess which of those individuals may provide expert testimony at trial.
The question would normally then become whether Supreme Court abused its discretion in determining "whether to preclude [plaintiffs] from introducing the testimony of [Weintraub as] an expert witness at trial based on [their] failure to comply with CPLR 3101 (d) (1) (i)" (Rivera v Montefiore Med. Ctr., 28 NY3d at 1002 [internal quotation marks and citation omitted]; see Colucci v Stuyvesant Plaza, Inc., 157 AD3d at 1098). However, plaintiffs have only asked that we adopt the approach taken by our Sister Departments and do not raise this as an alternative argument in support of reversal. Therefore, we need not reach this issue.
Garry, P.J., Pritzker and Corcoran, JJ., concur.
Aarons, J. (concurring).
I concur in the majority's affirmance of the amended order precluding the treating physician from offering expert testimony as to causation.[FN2] This Department has consistently held that a treating physician who offers expert testimony is subject to the expert disclosure requirements of CPLR 3101 (d) (1) (i), and preclusion is available as a sanction for noncompliance (see e.g. Freeman v State of New York, 206 AD3d 1102, 1105-1106 [3d Dept 2022]; Schmitt v Oneonta City Sch. Dist., 151 AD3d 1254, 1256 [3d Dept 2017]; Norton v Nguyen, 49 AD3d 927, 929 [3d Dept 2008]; Chapman v State of New York, 189 AD2d 1075 [3d Dept 1993]). I write separately because my agreement rests on the constraints of stare decisis, which, in my view, plaintiffs failed to overcome.
"Even under the most flexible version of the doctrine of stare decisis, prior decisions should not be overruled unless a compelling justification exists for such a drastic step" (Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 96 [2023] [internal quotation marks, brackets, ellipsis and citations omitted]). "Such a compelling justification may arise when the Court's prior holding leads to an unworkable rule, or creates more questions than it resolves; adherence to a recent precedent involves collision with a prior doctrine more embracing in its scope, intrinsically sounder, and verified by experience; or a preexisting rule, once thought defensible, no longer serves the ends of justice or withstands the cold light of logic and experience" (People v Peque, 22 NY3d 168, 194 [2013] [internal quotation marks, ellipsis and citations omitted], cert denied 574 US 840 [2014]).
Plaintiffs argue that, because the Appellate Division is a statewide court divided into four departments for administrative convenience, it "should be governed by one set of rules and laws" — specifically, the set enshrined in the "holdings and reasoning of the First, Second and Fourth Departments on this issue." Yet, we have accounted for the [*4]department split by recognizing that, where untimely or defective disclosure of a treating physician is not willful, counsel's unfamiliarity with this Court's unique interpretation of CPLR 3101 (d) (1) (i) is not enough to justify the drastic remedy of preclusion (see Freeman v State of New York, 206 AD3d at 1105-1106; see also Schmitt v Oneonta City Sch. Dist., 151 AD3d at 1256-1257). Plaintiffs also assert that CPLR 3101 (d) (1) (i) should not apply to treating physicians because, "during the course of litigation, prior to trial, there has already been disclosure of the [treating] physician's records and reports pursuant to CPLR 3121 and 22 NYCRR 202.17 so there is no surprise, prejudice, or ambush at trial." Here, however, Supreme Court found that plaintiffs' untimely disclosure of their plan to elicit expert testimony from the treating physician was prejudicial to defendant — a finding that goes unchallenged on appeal. As such, plaintiffs do not present any basis to conclude that this Court's application of CPLR 3101 (d) (1) (i) to a treating physician testifying as an expert is unworkable, unsound, unjust or indefensible (see SanMiguel v Grimaldi, ___ NY3d ___, ___, 2025 NY Slip Op 05780, *13 [2025]). Therefore, without expressing any view as to whether that interpretation is correct, I vote with my colleagues to affirm the amended order.
ORDERED that the appeal from the order is dismissed, with costs.
ORDERED that the amended order is affirmed, with costs.

Footnotes

Footnote 1: The October 16, 2024 amended order superseded the October 7, 2024 order and, as a result, the appeal from the October 7, 2024 order must be dismissed (see Delosh v Amyot, 206 AD3d 1194, 1194 n 1 [3d Dept 2022]).

Footnote 2: I also agree, without qualification, that the appeal from the October 7, 2024 order must be dismissed.